UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RENEE BURCHARD, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 22-0497 (JMC) |
| | ) |
| AMERICAN 250 FOUNDATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT UNITED STATES SEMIQUINCENTENNIAL COMMISSION'S
<u>MOTION TO DISMISS</u>**

# TABLE OF CONTENTS

Table of Contents ........................................................................................................... ii

Table of Authorities ..................................................................................................... iii

Background ..................................................................................................................... 1

Legal StandardS ............................................................................................................ 4

Argument ........................................................................................................................ 5

    I.      The United States Has Not Waived Sovereign Immunity for Plaintiff's Claims Under the False Claims Act or the District of Columbia Human Rights Act ......... 6

          A.     Subsection 3730(h) is Inapplicable to Federal Employees and Does Not Waive Sovereign Immunity. ........................................................................ 6

          B.     The United States Has Not Waived Sovereign Immunity for Claims Under The District of Columbia Human Rights Act and Pendent Jurisdiction is Unavailable ........................................................................................................ 7

    II.     The Court Lacks Jurisdiction Over Plaintiffs' Wrongful Termination Claims ...... 8

    III.    The Court Lacks Jurisdiction Over Plaintiffs' Tort Claims ................................... 8

          A.     The Commission is an "Agency" of the United States ............................... 9

          B.     The United States is the Only Proper Defendant Under the FTCA .......... 10

          C.     Plaintiffs Have Failed to Allege Any Exhaustion of Administrative Remedies .................................................................................................... 11

          D.     The FTCA Does Not Waive Sovereign Immunity for the Intentional Torts Alleged by Plaintiffs ................................................................................... 13

          E.     The Federal Employees' Compensation Act is the Exclusive Remedy for a Federal Employee Injured While Performing Her Duties and Plaintiffs Have Failed to Exhaust Remedies Under FECA. ..................................... 14

    IV.    Even If The Court Had Jurisdiction Over Plaintiffs' Negligent Infliction of Emotional Distress And Negligent Supervision Claims, They Have Failed To State A Claim Upon Which Relief Can Be Granted ............................................ 16

Conclusion .................................................................................................................... 18

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ............................................................................ 4, 5, 16, 17

*Atherton v. United States,*
  174 F. Supp. 3d 359 (D.D.C. 2016) ........................................................ 13

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007). ......................................................................... 16, 17

*Bembenista v. United States,*
  866 F.2d 493 (D.C.Cir.1989) .................................................................. 12

*Burkhart v. Wash. Metro. Area Transit Auth.,*
  112 F.3d 1207 (D.C. Cir. 1997) ............................................................... 18

*Caldwell v. Emps.' Comp. Appeals Bd.,*
  285 F. Supp. 3d 97–99 (D.D.C. 2018) ..................................................... 15

*Cox v. Sec'y of Labor,*
  739 F. Supp. 28 (D.D.C. 1990) ........................................................... 10, 11

*DaimlerChrysler Corp. v. Cuno,*
  547 U.S. 332 (2006) ................................................................................ 4

*Daisley v. Riggs Bank, N.A.,*
  372 F. Supp. 2d 61 (D.D.C. 2005) ....................................................... 10, 11

*Davis v. United States,*
  196 F. Supp. 3d 106 (D.D.C. 2016) ..................................................... 10, 11

*DCHRA. Hoffman v. District of Columbia,*
  643 F. Supp. 2d 132 (D.D.C. 2009) .......................................................... 7

*Detar v. United States,*
  174 F. Supp. 3d 566 (D.D.C. 2016) ........................................................ 11

*District of Columbia v. Cooper,*
  483 A.2d 317 (D.C.1984) ...................................................................... 17

*Edmonds v. United States,*
  436 F. Supp. 2d 28 (D.D.C. 2006) ..................................................... 12, 14

*Edwards v. District of Columbia,*
    616 F.Supp.2d 112 (D.D.C. 2009) ........................................................... 12

*Epps v. U.S. Att'y Gen.,*
    575 F. Supp. 2d 232 (D.D.C. 2008) ........................................................... 8

*Expeditions Unlimited Aquatic Enters., Inc. v. Smithsonian Inst.,*
    566 F.2d 289 (D.C. Cir. 1977) ........................................................... 9, 10

*FDIC v. Meyer,*
    510 U.S. 471, 475 (1994) ........................................................... 5

*Gallucci v. Chao,*
    374 F. Supp. 2d 121 (D.D.C. 2005) ........................................................... 15

*Galvan v. Federal Prison Indus.,*
    199 F.3d 461–68 (D.C. Cir. 1999) ........................................................... 6

*George v. Napolitano,*
    693 F. Supp. 2d 125–30 (D.D.C.2010) ........................................................... 18

*Grand Lodge of the Fraternal Order of Police v. Ashcroft,*
    185 F. Supp. 2d 9 (D.D.C. 2001) ........................................................... 4

*Hammond v. Fed. Bureau of Prisons,*
    740 F. Supp. 2d 105 (D.D.C. 2010) ........................................................... 11

*Harris v. Bodman,*
    538 F. Supp. 2d 78 (D.D.C. 2008) ........................................................... 6-7

*Hedgepeth v. Whitman Walker Clinic,*
    22 A.3d 789 (D.C. 2011) ........................................................... 17

*Hornbeck Offshore Transp., LLC v. United States,*
    569 F.3d 506 (D.C. Cir. 2009) ........................................................... 16

*Jackson v. Bush,*
    448 F. Supp. 2d 198 (D.D.C. 2006) ........................................................... 5

*Johansen v. United States,*
    343 U.S. 427 (1952) ........................................................... 15

*Johnson v. United States,*
    547 F.2d 688 (D.C. Cir. 1976) ........................................................... 14

*Johnson v. Veterans Affs. Med. Ctr.*,
    133 F. Supp. 3d 10 (D.D.C. 2015) ............................................................ 10, 11, 13

*Jordan v. Evans*,
    404 F. Supp. 2d 28 (D.D.C. 2005) .................................................................. 7

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994) ..................................................................................... 4

*Kugel v. United States*,
    947 F.2d 1504 (D.C.Cir.1991) ...................................................................... 14

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ................................................................................. 4, 12

*Marcus v. Geithner*,
    813 F. Supp. 2d 11 (D.D.C. 2011) .................................................................. 7

*McNeil v. United States*,
    508 U.S. 106 (1993) ..................................................................................... 12

*Murphy v. United States*,
    121 F. Supp. 2d 21 (D.D.C.2000) .................................................................. 12

*Papasan v. Allain*,
    478 U.S. 265 (1986) ..................................................................................... 5

*Polcari v. John F. Kennedy Ctr. for Performing Arts*,
    712 F. Supp. 230 (D.D.C. 1989) .................................................................. 10

*Stone v. Dep't of Hous. & Urb. Dev.*,
    859 F. Supp. 2d 59–63 (D.D.C. 2012) ........................................................ 5-6

*Tookes v. United States*,
    811 F. Supp. 2d 322 (D.D.C. 2011) .............................................................. 11

*Tri-State Hosp. Supply Corp. v. United States*,
    341 F.3d 571 (D.C. Cir. 2003) ...................................................................... 12

*United States v. Fausto*,
    484 U.S. 439 (1988) ..................................................................................... 8

*United States v. Kwai Fun Wong*,
    575 U.S. 402 (2014) ..................................................................................... 13

*United States v. Mitchell*,

    463 U.S. 206 (1983) ............................................................................ 5

*Verizon Wash., D.C., Inc. v. United States*,

    254 F. Supp. 3d 208 (D.D.C. 2017) ................................................... 10

*Walton v. Fed. Bureau of Prisons*,

    533 F.Supp.2d 107 (D.D.C. 2008) ...................................................... 5

*Weaver v. U.S. Info. Agency*,

    87 F.3d 1429 (D.C. Cir. 1996) ........................................................... 8

*Whittaker v. Court Servs. & Offender Supervision Agency for D.C.*,

    401 F. Supp. 3d 170 (D.D.C. 2019) ................................................. 16

*Zellars v. United States, Civ. A.*

    No. 05-1670, 2006 WL 1050673 (D.D.C. Apr. 20, 2006) ................. 15


**Statutes and Regulations**

United States Semiquincentennial Commission Act of 2016, Pub. L. 114-196, 130 Stat. 691 ..... 2

3 U.S.C. §§ 3729 ........................................................................................ 5

5 U.S.C. § 8102 ....................................................................................... 14

5 U.S.C. § 8116 ................................................................................... 14-15

5 U.S.C. § 8128 ....................................................................................... 15

28 U.S.C. § 1331 ....................................................................................... 5

28 U.S.C. § 1346 ..................................................................................... 11

28 U.S.C. § 1367 ....................................................................................... 7

28 U.S.C. § 2671 ....................................................................................... 9

28 U.S.C. § 2675 ................................................................................. 11-12

28 U.S.C. § 2679 ................................................................................. 10, 11

28 U.S.C. § 2680 ................................................................................. 13, 14

31 U.S.C.  § 3729 ................................................................................... 3, 6

31 U.S.C. § 3730 ....................................................................................... 6

10 C.F.R. § 10.625 .................................................................................. 15

28 C.F.R. § 14.12 .................................................................................... 11

Defendant, the United States Semiquincentennial Commission ("Commission"), by and through undersigned counsel, respectfully moves to dismiss the claims against it in the Amended Complaint filed by Plaintiffs Renee Burchard, Kirsti Garlock, Anna Laymon, and Keri Potts (collectively "Plaintiffs") (ECF No. 17, "Am. Compl.").[1]  As explained below, the United States has not waived sovereign immunity for the claims Plaintiffs purport to state against the Commission.  Accordingly, the claims against the Commission should be dismissed pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim pursuant Rule 12(b)(6).

## BACKGROUND[2]

The Commission was created pursuant to the United States Semiquincentennial Commission Act of 2016 (the "Commission Act") to provide for the observance and commemoration of the 250th anniversary of the founding of the United States.  Am. Compl. ¶¶ 5, 14-15.  The America 250 Foundation, Inc. ("Foundation") is a Delaware non-profit corporation created in 2019 to further the Commission's purpose of facilitating, planning, developing,

---

[1]     On June 14, 2022, when Plaintiffs amended their Complaint, they add as defendants Dan DiLella, Rosie Rios, Frank Giordano, and the Scottsdale Indemnity Company.  ECF Nos. 17, 18. Summons have not been issued for Defendants DiLella, Rios, Giordano, or Scottsdale Indemnity Company.  Plaintiffs requested summons for Defendants DiLella, Rios, and Giordano on July 27, 2022.  ECF No. 23.  Because Defendants DiLella, Rios, Giordano, or Scottsdale Indemnity Company have not been served with summons and complaint, they are not yet parties before the Court in this matter.  The United States reserves the right to analyze whether the United States should be substituted as the defendant for the claims against Defendants DiLella, Rios, and Giordano under the Westfall Act once service is perfected as to these named defendants, and to file an appropriate responsive pleading within the time allotted for these defendants under the Federal Rules of Civil Procedure ("Rules") once service is perfected as to them.  The responsive pleading for the individual claims against Defendants DiLella, Rios, and Giordano will also not be due until the end of the period allotted under the Rules.

[2]     The following factual allegations are taken from the Amended Complaint and are assumed to be true for the purpose of the Commission's Motion to Dismiss.  The Commission does not otherwise concede the accuracy of the allegations pled by Plaintiffs.

promoting, and coordinating observances and activities that are and will be associated with two-hundred fiftieth birthday of the United States.  *Id.* ¶ 7.  The Commission is a bipartisan group of twenty-four Commissioners who are United States Senators, members of the House of Representatives, and private citizens appointed by Senate and House leadership. *Id.* ¶¶ 53-54. There are also non-voting "ex-officio" members of the Commission who are federal officials.  *Id.* ¶¶ 60-61.  The Executive leadership of the Commission includes Daniel Dilella as Chair, Tom Walker as Vice Chair, Rosie Rios as Treasurer, and Lynn Young as Secretary.  *Id.* ¶ 62.  Mr. Frank Giordano serves as the Executive Director of the Commission.  *Id.* ¶ 62.[3]

Plaintiffs allege that the Foundation is designated as a Type II sole-supporting organization under section 509(a)(3) of the Internal Revenue Code, and as such, must be supervised or controlled by the Commission by having Commissioners serve as a majority of the directors of the supporting Foundation. Am. Compl. ¶ 18.  Plaintiffs allege that the Foundation is the operational arm of the Commission and responsible for entering into public-private partnerships to fund and execute programming.  *Id.* ¶ 20.  The Foundation is funded by federal appropriations and from donations and corporate sponsorships.  *Id.*

Plaintiffs, who are all female, were employees of the Foundation at various points between April 2020 and December 2021.  Am. Compl. ¶¶ 1-4.  Plaintiffs allege that they were employees of the Foundation, and no other entity, and that they were not federal employees.  *Id.* ¶ 30.[4]

---

[3]     Plaintiffs also purport to state claims against the American Battlefield Trust, which Plaintiffs allege to be an independent 501(c)(3) charitable non-profit organization that the Secretary of the Interior selected as the non-profit Administrative Secretariat for the Commission in 2018.  Am. Compl. ¶ 6.

[4]     The statute establishing the Commission states that "The Chairperson of the Commission may, without regard to the civil service laws (including regulations), appoint and terminate an executive director and such other additional personnel as are necessary to enable to Commission to perform the duties of the Commission." Commission Act, Pub. L. 114-196, 130 Stat. 691, § 8(c).

Plaintiffs allege, among other things, that they were forced to take on duties that should have been performed by their male colleagues (*id.* ¶ 88), were frozen out of decision-making by male leadership (*id.* ¶ 99), were retaliated against for raising concerns about the Foundation's contracting practices and alleged conflicts of interest (*id.* ¶¶ 89-95), and were subjected to hostility such that all four Plaintiffs chose to resign (*id.* ¶¶ 96, 181, 223, 294, 379).

Plaintiffs, with legal representation, purport to state seven claims against the Commission in the Amended Complaint. Count I alleges that Plaintiffs raised concerns regarding misuse of federal funds to their supervisors and were retaliated against in violation of the False Claims Act, 31 U.S.C. §§ 3729 *et seq*. and 3730(h)(2). Am. Compl. ¶¶ 383-99. Count II alleges that Plaintiffs were paid less than and forced to take on more work than their male colleagues in violation of the District of Columbia Human Rights Act, D.C. Code § 2-1401, *et seq*. ("DCHRA"). Am. Compl. ¶¶ 400-13. Count III alleges that Plaintiffs were marginalized, devalued, underpaid, ignored, under-resourced, and over-worked because of their gender in violation of the DCHRA. Am. Compl. ¶¶ 414-26. Count IV alleges that, when Plaintiffs chose to resign after determining that the concerns they had raised were being ignored, they were wrongfully terminated or constructively discharged in violation of common law. Am. Compl. ¶¶ 427-38. Counts V and VI sound in tort, alleging that the Commission knew or should have known that employees were being forced to approve fraudulent expenditures and, therefore, negligently inflicted emotional distress on Plaintiffs. Am. Compl. ¶¶ 439-61. Count VII also sounds in tort, alleging that the Commission defamed Plaintiffs' character when Mr. DiLella sent a letter to the America 250 Foundation Board of Directors, several members of Congress, and the *ex officio* commissioners. Am. Compl. ¶¶ 462-74. Count VIII also sounds in tort, alleging that the Commission was negligent in its supervision of the Foundation and that this negligence caused harm to Plaintiffs. Am. Compl. ¶¶

475-94.  Because the Amended Complaint was filed by counsel, the Court should read the claims as drafted.

## LEGAL STANDARDS

On a motion to dismiss brought under Rule 12(b)(1), a federal court must presume that it "lack[s] jurisdiction unless the contrary appears affirmatively from the record." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006) (citation and internal quotation marks omitted). The burden of demonstrating the contrary, including establishing the elements of standing, "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Standing must be demonstrated "for each claim" and "for each form of relief sought," *DaimlerChrysler*, 547 U.S. at 352 (citation and internal quotation marks omitted), "with the manner and degree of evidence required at the successive stages of litigation," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

A court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Grand Lodge of the Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). For this reason, "'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Id*. at 13-14 (quoting 5A Charles A. Wright & Arthur R. Miller, Fed. Practice & Procedure § 1350 (2d ed. 1987)) (alteration in original).

Under Rule 12(b)(6), the Court may dismiss a complaint where a plaintiff fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When resolving a motion to dismiss pursuant to Rule 12(b)(6), the pleadings are construed broadly so that all facts pleaded therein are accepted as

true, and all inferences are viewed in a light most favorable to the plaintiff. *See Iqbal*, 556 U.S. at 678. However, a court is not required to accept conclusory allegations or unwarranted factual deductions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Likewise, a court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, the focus is on the language in the complaint and whether that sets forth sufficient factual allegations to support a plaintiff's claims for relief.

## ARGUMENT

Under the doctrine of sovereign immunity, the United States is immune to suit unless Congress has expressly waived the defense of sovereign immunity by statute. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.") This immunity extends to federal agencies. *FDIC v. Meyer*, 510 U.S. 471, 475m(1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Plaintiff bears the burden of establishing that sovereign immunity has been abrogated for each claim advanced. "[A] plaintiff must overcome the defense of sovereign immunity in order to establish the jurisdiction necessary to survive a Rule 12(b)(1) motion to dismiss." *Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006) (citing *Tri–State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003)).

Here, Plaintiffs fail to establish that sovereign immunity has been waived. Plaintiffs premise jurisdiction on 28 U.S.C. § 1331 and False Claims Act, 3 U.S.C. §§ 3729 (a), 3730(h)(1),(2). *See* Am. Compl. ¶ 12. However, Section 1331, which establishes this Court's jurisdiction over federal questions, does not provide a waiver of sovereign immunity. *See Walton v. Fed. Bureau of Prisons*, 533 F.Supp.2d 107, 114 (D.D.C. 2008); *Stone v. Dep't of Hous. & Urb.*

*Dev.*, 859 F. Supp. 2d 59, 62–63 (D.D.C. 2012).  In addition, as explained below, neither the False Claims Act nor the District of Columbia Human Rights Act waive sovereign immunity for Plaintiffs' claims and, to the extent that Plaintiffs might have been able to avail themselves of other laws waiving sovereign immunity for some of their claims against the Commission, they have failed to meet jurisdictional prerequisites for seeking jurisdiction under those laws.  Accordingly, their claims against the United States in the form of the Commission must be dismissed for lack of jurisdiction.

I.     **The United States Has Not Waived Sovereign Immunity for Plaintiff's Claims Under the False Claims Act or the District of Columbia Human Rights Act**

    A.     **Subsection 3730(h) is Inapplicable to Federal Employees and Does Not Waive Sovereign Immunity.**

Plaintiffs' purported False Claims Act claims against the Commission should be dismissed for lack of jurisdiction.

The False Claims Act provides civil penalties against a person who submits a false claim for payment to the United States. 31 U.S.C. § 3729. To encourage individuals to report false claims, Congress provided that any person may commence, in his own name but for the benefit of the United States, a civil action for violation of § 3729. If the action is successful, a portion of the recovery is given to the private plaintiff. An individual bringing such an action is called a "relator." Once the relator files the action, the government can intervene and control the case.  Because of their inside information, the persons most likely to become relators are employees of government contractors. To protect them from retaliation by their employers, Congress added a whistle blower provision to the False Claims Act. 31 U.S.C. § 3730(h)

The False Claims Act does not contain a waiver of sovereign immunity for suits against the federal government. *See Galvan v. Federal Prison Indus.*, 199 F.3d 461, 467–68 (D.C. Cir. 1999) (discussing 31 U.S.C. § 3729); *Harris v. Bodman*, 538 F. Supp. 2d 78, 82 (D.D.C. 2008),

*aff'd*, No. 08-5091, 2008 WL 5532102 (D.C. Cir. Aug. 27, 2008).  To the extent that Plaintiffs

allege that the Commission, which is an independent establishment of the United States (*see infra*,

Part III.A), violated the False Claims Act, Count I should be dismissed for lack of subject matter

jurisdiction because there is no waiver of sovereign immunity under the False Claims Act for suit

against the United States.[5]

    **B.**    **The United States Has Not Waived Sovereign Immunity for Claims Under The District of Columbia Human Rights Act and Pendent Jurisdiction is Unavailable**

Sovereign immunity bars DCHRA claims against the federal government. *Jordan v. Evans*,

404 F. Supp. 2d 28, 31 (D.D.C. 2005) (dismissing a DCHRA claim against the federal Department

of Commerce because it was barred by sovereign immunity). The D.C. Council, not Congress,

enacted the DCHRA, and there is no federal statute that evinces Congress's intent to waive the

United States' immunity from suit under the DCHRA. *Hoffman v. District of Columbia*, 643 F.

Supp. 2d 132, 139 (D.D.C. 2009); *Jordan*, 404 F. Supp. 2d at 31. Consequently, Plaintiffs'

DCHRA claims (Counts II and III) should be dismissed as to the Commission. *Marcus v. Geithner*,

813 F. Supp. 2d 11, 17 (D.D.C. 2011).  Although a district court may elect to retain jurisdiction

over, or dismiss, pendent state law claims after federal claims are dismissed pursuant to 28 U.S.C.

§ 1367(c)(3), even if all the federal claims were dismissed in this action, the absence of a waiver

---

[5]      The Civil Service Reform Act of 1978 ("CSRA") creates an elaborate remedial system to protect federal employee whistleblowers and creates a comprehensive remedy for a federal employee who is discharged because of whistle blowing.  CSRA, Pub. L. 95–454, 92 Stat. 1111 *et seq*. The Commission Act appears to exempt any employees of the Commission from civil service laws.  Commission Act § 8(c).  However, the fact that the CSRA would not apply to Plaintiffs even if they were considered employees of the Commission, does change the fact that the False Claims Act does not waive sovereign immunity for them to sue the Commission, an independent establishment of the United States.  *See infra*, Part III.A.

of sovereign immunity in the DCHRA would prevent the Court's exercise of pendent jurisdiction. *See* Am. Compl. ¶ 12.

## II.  <u>The Court Lacks Jurisdiction Over Plaintiffs' Wrongful Termination Claims</u>

Plaintiffs wrongful termination/constructive discharge claims (Count IV) must also be dismissed for lack of jurisdiction.  Plaintiffs affirmatively allege that they were not employees of the Commission and that they resigned their positions at the Foundation.  Am. Compl. ¶ 30. Therefore, Plaintiffs have established no basis for claiming that the Commission wrongfully terminated them or that the United States has waived sovereign immunity for Plaintiffs to sue it for damages connected to their resignations.[6]

## III.  <u>The Court Lacks Jurisdiction Over Plaintiffs' Tort Claims</u>

Plaintiff's remaining claims, Counts V, VI, VII, and VIII sound in tort (negligence, defamation of character), Am. Compl. ¶¶ 439-527.  Plaintiffs have alleged that they were not employees of the United States through the Commission and, therefore, those claims fail because Plaintiffs have not demonstrated that they are entitled to the limited waiver of sovereign immunity for claims against the United States under the Federal Tort Claims Act ("FTCA").[7]  To the extent

---

[6]     As previously noted, the Commission Act appears to exempt Commission employees from civil service laws.  However, to the extent that Plaintiffs could be considered subject to the CSRA, that law "established a comprehensive system for reviewing personnel action taken against federal employees." *United States v. Fausto,* 484 U.S. 439, 455 (1988).  Under the CSRA, a federal employee seeking review of an agency personnel action must, as a jurisdictional prerequisite to suit, exhaust all available administrative remedies prior to seeking judicial review. *Weaver v. U.S. Info. Agency*, 87 F.3d 1429, 1433 (D.C. Cir. 1996) (stating that "[u]nder the CSRA, exhaustion of administrative remedies is a prerequisite to suit").  Plaintiffs' Amended Complaint does not demonstrate that they exhausted remedies through the Merit Systems Protection Board ("MSPB") or that they were not required to so exhaust. *See generally*, Am. Compl.

[7]     "When a plaintiff seeks monetary damages against a federal agency for certain torts committed by federal employees, the only possible basis for court jurisdiction would be the" FTCA. *Epps v. U.S. Att'y Gen.*, 575 F. Supp. 2d 232, 238 (D.D.C. 2008).

that Plaintiffs could be considered federal employees, the Federal Employees' Compensation Act ("FECA") is the exclusive remedy for a federal employee injured while in the performance of her duty and Plaintiffs have failed to exhaust remedies under FECA.  As a result, Counts V, VI, VII, and VIII should be dismissed for lack of jurisdiction.

### A.       The Commission is an "Agency" of the United States

Plaintiffs attempt to allege that the Commission is not actually an instrumentality of the United States for the purpose of analyzing sovereign immunity.  *See* Am. Compl. ¶¶ 388, 403, 417. However, the Commission clearly fits within the definition of "federal agency" set forth in the FTCA.  *See* 28 U.S.C. § 2671. ("As used in this chapter and sections 1346(b) and 2401(b) of this title, the term 'Federal agency' includes the executive departments, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States.").

In concluding that another entity, the Smithsonian Institution, qualified as an "independent establishment[] of the United States," the D.C. Circuit looked at "its function as a national museum and center of scholarship, coupled with the substantial governmental role in funding and oversight."  *Expeditions Unlimited Aquatic Enters., Inc. v. Smithsonian Inst.*, 566 F.2d 289, 296 (D.C. Cir. 1977).  Applying that test, the Commission similarly qualifies as an independent establishment of the United States.  The Commission was established by an Act of Congress.  Am. Compl. ¶ 5 (citing the Commission Act).  The Commission is tasked with preparing an overall program for commemorating the 250th anniversary of the United States and historic events preceding that anniversary" (Commission Act § 5(a)), and is required to submit a report to the President (*id.* § 5(c)).  Though the Commission's expenditures are to come from donated funds, Plaintiffs allege that federal funds were filtered to from the Commission to the Foundation (*see*

Am. Compl. ¶¶ 91, 97, 292), and the Commission Act includes limitations on spending and requires annual reports to Congress regarding the activities of the Commission, including an accounting of funds received and expended during the year covered by the report.  Commission Act § 9.  The Commission clearly qualifies as an "independent establishment[] of the United States" under the factors set forth in *Expeditions Unlimited* and should be analyzed as a federal "agency" for the purposes of the FTCA and analysis of whether its waiver of sovereign immunity allows suit against the United States in this matter. *See Polcari v. John F. Kennedy Ctr. for Performing Arts,* 712 F. Supp. 230, 231-32 (D.D.C. 1989) (finding that the Kennedy Center was immune from suit under the FTCA because of its national function, the Government's substantial funding, and oversight of its functions).

### B.     The United States is the Only Proper Defendant Under the FTCA

The only proper defendant in an action brought under the FTCA is the United States. *See Davis v. United States*, 196 F. Supp. 3d 106, 110 n.2 (D.D.C. 2016) ("[T]he United States is the only proper defendant in an action under the FTCA."); *Johnson v. Veterans Affs. Med. Ctr.*, 133 F. Supp. 3d 10, 16 (D.D.C. 2015) ("FTCA suits 'must name the United States as defendant.'" (quoting *Goddard v. D.C. Redevelopment Land Agency*, 287 F.2d 343, 345–46 (D.C. Cir. 1961))); *Daisley v. Riggs Bank, N.A.*, 372 F. Supp. 2d 61, 81 (D.D.C. 2005) ("[T]he proper defendant is the United States, not Treasury."). Even if a federal agency may sue and be sued in its own name, the FTCA bars direct claims against federal agencies. *See* 28 U.S.C. § 2679(a); *see also Cox v. Sec'y of Labor*, 739 F. Supp. 28, 29 (D.D.C. 1990) ("The FTCA directs that the exclusive remedy for tort claims is an action against the United States rather than against the individuals or the particular government agencies."); *see also Verizon Wash., D.C., Inc. v. United States*, 254 F. Supp. 3d 208, 215 (D.D.C. 2017) (dismissing FTCA claims against the General Services Administration for lack of subject matter jurisdiction).

Here, Plaintiffs name a federal commission as a defendant rather than the United States. Am. Compl. ¶ 5.  However, the FTCA permits only claims against the United States, *see* 28 U.S.C. § 1346(b)(1), and bars claims brought directly against federal agencies, *see* 28 U.S.C. § 2679(a). Longstanding precedent instructs that Plaintiff may not bring claims pursuant to the FTCA directly against the Commission and the Amended Complaint should be dismissed on that basis. *See, e.g.*, *Davis*, 196 F. Supp. 3d at 110 n.2; *Johnson*, 133 F. Supp. 3d at 16; *Daisley*, 372 F. Supp. 2d at 81; *Cox*, 739 F. Supp. at 29.  Considering substitution of the United States as a defendant in place of the Commission is unwarranted for the other defects in the claims under the FTCA fail, as discussed below.  *See* 28 U.S.C. § 2679(d).

### C.       Plaintiffs Have Failed to Allege Any Exhaustion of Administrative Remedies

"In order to pursue claims under the FTCA, . . . a plaintiff must first exhaust his administrative remedies, and this exhaustion requirement is jurisdictional." *Detar v. United States*, 174 F. Supp. 3d 566, 569 (D.D.C. 2016); *see also Hammond v. Fed. Bureau of Prisons*, 740 F. Supp. 2d 105, 111 (D.D.C. 2010) (dismissing FTCA claim for lack of subject matter jurisdiction where plaintiff had not "established by a preponderance of the evidence that he administratively exhausted his FTCA claim with the BOP before commencing this action").

The procedure to exhaust administrative remedies is specific:  a plaintiff must present the agency with both (1) a written statement sufficiently describing the injury and facts to enable the agency to begin its own investigation, and (2) a sum-certain damages claim.  *Tookes v. United States*, 811 F. Supp. 2d 322, 331 (D.D.C. 2011) (citing *GAF Corp. v. United States*, 818 F.2d 901, 905 (D.C. Cir. 1987)); 28 C.F.R. § 14.12(a) (stating that an FTCA claim shall be deemed "presented" when a federal agency receives an SF–95 "or other written notification of an incident, accompanied by a claim for money damages in sum certain."); 28 U.S.C. § 2675(a) ("[A]n action shall not be instituted against the United States" for damages caused by the negligent or wrongful

act of any employee of the government "unless the claimant shall have first presented the claim to the appropriate Federal agency."). Before a claimant may file a case in federal court, the agency must have either denied the claim in writing or failed to provide a final disposition within six months of the filing of the claim. *McNeil v. United States*, 508 U.S. 106, 111 (1993); *Edwards v. District of Columbia*, 616 F.Supp.2d 112, 117 (D.D.C. 2009).

All claims a plaintiff seeks to pursue in federal court must have been presented in a claim to the agency. In other words, an individual cannot exhaust certain claims at the administrative level and then add on to her claims in a federal civil complaint. *See Murphy v. United States,* 121 F. Supp. 2d 21, 27 (D.D.C.2000), *aff'd,* 64 F. App'x 250 (D.C. Cir. 2003) (dismissing "false light" claim due to failure to exhaust because the agent's administrative complaint did not provide notice of such a claim and was based on underlying facts that were different than those underlying claim for assault and negligence); *Bembenista v. United States,* 866 F.2d 493, 499 (D.C.Cir.1989) (finding that plaintiffs failed to exhaust medical malpractice claim, as their administrative claim alleged assault; attachment of medical records to administrative claim did not provide sufficient notice of malpractice claim); *Edmonds v. United States*, 436 F. Supp. 2d 28, 33-34 (D.D.C. 2006) (dismissing claims regarding "negligent investigation" allegedly occurring during plaintiff's employment on grounds that they were not included in and thereby not exhausted by the administrative complaint).

Counts V, VI, VII, and VIII of Plaintiffs' Amended Complaint should be dismissed as to the Commission because Plaintiffs have failed to meet the requirement of exhausting required administrative remedies. It is Plaintiffs' burden to demonstrate that sovereign immunity has been waived as to their claims and that this Court has jurisdiction over them. *Tri-State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003); *Lujan*, 504 U.S. at 561. The Amended

Complaint contains no allegations indicating that they presented their claims to the agency in accordance with the FTCA.  Accordingly, Counts V, VI, VII, and VIII should be dismissed as to the Commission because they have failed to exhaust their mandatory, administrative remedies. Although the Supreme Court has held that the timing of the exhaustion requirements is non-jurisdictional, *United States v. Kwai Fun Wong*, 575 U.S. 402, 412 (2014), wholesale failure to exhaust prior to initiating suit may continue to be a jurisdictional defense.  To the extent it is not, and the Court has not otherwise dismissed for lack of subject matter jurisdiction on grounds other than exhaustion, the Commission moves in the alternative to dismiss for failure to exhaust under Rule 12(b)(6).

**D.    The FTCA Does Not Waive Sovereign Immunity for the Intentional Torts Alleged by Plaintiffs**

The FTCA is a limited waiver of sovereign immunity, which "renders the United States subject to suit for certain—but not all—tort claims." *Atherton v. United States*, 174 F. Supp. 3d 359, 363 (D.D.C. 2016); *Johnson*, 133 F. Supp. 3d at 15 (stating that the FTCA "makes the federal government liable to the same extent as a private individual for certain torts of federal employees acting within the scope of their employment").  For example, despite the FTCA's waiver of sovereign immunity, it still bars certain intentional tort claims, namely "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). The only exception to this limitation on FTCA liability, known as the "law enforcement proviso," is inapplicable in this case.  28 U.S.C. § 2680(h) (providing waiver under certain circumstances for claims of assault, battery, false imprisonment, false arrest, abuse of process, and malicious prosecution).

- 13 -

Thus, even if Plaintiffs actually exhausted their claims against the Commission for defamation (Count VII), those claims must still be dismissed for lack of jurisdiction because the FTCA does not waive sovereign immunity for claims related to these intentional torts and they are not covered by the law enforcement proviso.  28 U.S.C. § 2680(h).  Even though Plaintiffs characterize their claims as being for "defamation of character" rather than "libel, lander, or misrepresentation," they are still fall under the intentional tort exclusion. Claims, no matter how they are described or characterized by a plaintiff, based on dissemination of defamatory information pertaining to a federal investigation are barred by the libel/slander exemption.  *Kugel v. United States*, 947 F.2d 1504 (D.C.Cir.1991). "[T]he label which a plaintiff applies to a pleading does not determine the nature of the cause of action which he states.  And surely a litigant cannot circumvent the [FTCA] by the simple expedient of drafting in terms of negligence a complaint that in reality is a claim as to which the United States remains immunized." *Johnson v. United States*, 547 F.2d 688, 691 (D.C. Cir. 1976) (citation omitted); *see also Edmonds v. United States*, 436 F. Supp. 2d 28, 35 (D.D.C. 2006).  Thus, Count VII must be dismissed for lack of subject matter jurisdiction because the FTCA does not waive sovereign immunity for libel, slander, misrepresentation, or defamation.

**E.** **The Federal Employees' Compensation Act is the Exclusive Remedy for a Federal Employee Injured While Performing Her Duties and Plaintiffs Have Failed to Exhaust Remedies Under FECA.**

To the extent that Plaintiffs are found to have been federal employees, their tort claims must still be dismissed because they failed to pursue remedies under the Federal Employees' Compensation Act.

FECA is the exclusive remedy for a federal employee injured "while in the performance of his duty." 5 U.S.C. § 8102(a); *see also id.* § 8116 ("The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or

death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee[.]"); *Johansen v. United States*, 343 U.S. 427, 439 (1952) (FECA "gave the first and exclusive right to Government employees for compensation, in any form, from the United States."). FECA sets forth a process for federal employees seeking compensation for injuries sustained in the workplace, and the Act provides for an administrative review through the Office of Workers' Compensation Programs and ultimately ending in an appeal to Employees' Compensation Appeals Board ("Compensation Board") for an employee dissatisfied with the determination of his or her claim. See 10 C.F.R. § 10.625; *Gallucci v. Chao*, 374 F. Supp. 2d 121, 124 (D.D.C. 2005) (setting forth administrative-review process). An appeal to the Compensation Board is a claimant's sole remedy and is "not subject to review by another official of the United States or by a court." 5 U.S.C. § 8128(b); *see also Gallucci*, 374 F.Supp.2d at 124 ("Administrative review is the claimant's only avenue for review of a claim because Congress precluded judicial review of claims disputes."). Thus, where FECA applies, "federal courts are without subject matter jurisdiction over covered claims." *Zellars v. United States*, Civ. A. No. 05-1670, 2006 WL 1050673, at *2 (D.D.C. Apr. 20, 2006).

To the extent that Plaintiffs could be considered federal employees and that they were injured by the Commission during the course of their duties as employees, they have failed to demonstrate that they exhausted FECA remedies and this Court does not have jurisdiction to review those claims and they should be dismissed accordingly. *Caldwell v. Emps.' Comp. Appeals Bd.*, 285 F. Supp. 3d 97, 98–99 (D.D.C. 2018) (dismissing for lack of jurisdiction the claims of a federal employee for injuries sustained while in the performance of workplace duties at a federal institution).

IV.    **Even If The Court Had Jurisdiction Over Plaintiffs' Negligent Infliction of Emotional Distress And Negligent Supervision Claims, They Have Failed To State A Claim Upon Which Relief Can Be Granted**

Even if Plaintiffs had exhausted claims for negligent infliction of emotional distress and negligent supervision (which they did not), these claims would still be subject to dismissal for failure to state a plausible claim.

The FTCA does not create a cause of action against the United States. *Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506, 508 (D.C. Cir. 2009). Rather, it "allows the United States to be liable if a private party would be held liable under similar circumstances in the relevant jurisdiction." *Id.* Accordingly, the Court "look[s] to the law of the local jurisdiction—in this case, the District of Columbia—to determine whether there is a local private party analog to [the plaintiff's] claims." *Id.; see also Whittaker v. Court Servs. & Offender Supervision Agency for D.C.*, 401 F. Supp. 3d 170, 183 (D.D.C. 2019) ("[T]he Court must determine whether or not a private person can be sued under District of Columbia law for claims similar to those which Plaintiff alleges against Defendants.").

Even if Plaintiffs have identified private analogues for the harmful acts they allege under the FTCA, the Amended Complaint must still satisfy the relevant pleading standards in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677. The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*. at 678. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

- 16 -

the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Twombly*, 550 U.S. at 557.

Private individuals in the District of Columbia can pursue negligent infliction of emotional distress under the rubric of common law negligence. *Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 793 (D.C. 2011). It is well-established that a claim alleging the tort of negligence must show: (1) that the defendant owed a duty to the plaintiff, (2) breach of that duty, and (3) injury to the plaintiff that was proximately caused by the breach. *See*, *e.g.*, *District of Columbia v. Cooper*, 483 A.2d 317, 321 (D.C.1984) (citing Prosser, Handbook of the Law of Torts § 30 (4th ed.1971) (hereinafter "Torts Handbook")). The court's threshold determination—namely, the existence of a duty—is "essentially a question of whether the policy of the law will extend the responsibility for the conduct to the consequences which have in fact occurred." *Id*. at 321 (quoting Torts Handbook § 42). Stated another way: "The statement that there is or is not a duty begs the essential question—whether the plaintiff's interests are entitled to legal protection against the defendant's conduct." *Id*. (quoting Torts Handbook § 53).

In this case, Plaintiffs do not allege that the Commission owed them any duty in the context of their negligent infliction of emotional distress claim. *See* Am. Compl. ¶¶ 439-61. Plaintiffs' allegations all focus on the duties, actions, and knowledge of the Foundation. *Id.* Thus, Plaintiffs have not plausibly alleged that the Commission itself owed them a duty recognized by the law of the District of Columbia that was breached, causing them emotional distress. For this additional reason, Counts V and VI should be dismissed.

Additionally, although the Commission is not formally interposing a discretionary function defense at this time, the Court may consider for itself the insufficiency or implausibility of allegations in Count VIII of the Amended Complaint with respect to the negligent supervision. *See, e.g., Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1217 (D.C. Cir. 1997) (explaining that decisions concerning the hiring, training, and supervising of government employees are discretionary in nature, generally providing immunity from suit). In fact, because there are no well-pled factual allegations that would support either a concrete, non-generalized grievance that may be fairly traced to the Commission, Plaintiffs lack standing to bring Count VIII as well. *George v. Napolitano,* 693 F. Supp. 2d 125, 129–30 (D.D.C.2010) (citing *Friends of the Earth, Inc. v. Laidlaw Env't Servs.,* 528 U.S. 167, 180–81 (2000)).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Amended Complaint should be dismissed in its entirety as to the Commission.

Dated: July 29, 2022
       Washington, DC

                                    Respectfully submitted,

                                      MATTHEW M. GRAVES, D.C. Bar #481052
                                      United States Attorney

                                      BRIAN P. HUDAK
                                      Chief, Civil Division

                                    By: _____ /s/ *Sian Jones* _____
                                          SIAN JONES
                                        DC Bar # 1024062
                                        Assistant United States Attorney
                                        601 D Street, NW
                                        Washington, DC 20530
                                        Telephone: 202-252-2578
                                        Sian.Jones@usdoj.gov

                                      *Attorneys for the United States of America*