**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **RENEE BURCHARD**, *et al.*, | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **Civil Case No.: 1:22-cv-00497-JMC** |
| | : | |
| **AMERICA 250 FOUNDATION,** | : | |
| | : | |
| **Defendant.** | : | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant America 250 Foundation (the "Foundation" or "Defendant"), by counsel, hereby responds to the allegations in Plaintiffs Renee Burchard ("Ms. Burchard") Kristi Garlock ("Ms. Garlock"), Anna Laymon ("Ms. Laymon"), and Kerri Potts' ("Ms. Potts") (collectively, the "Plaintiffs") Amended Complaint (ECF No. 17) (the "Complaint"), and states as follows:

## INTRODUCTION

Defendant denies any and all allegations of discriminatory, retaliatory, fraudulent, defamatory, or otherwise illegal conduct set forth in the unnumbered "Introduction" section of the Complaint.

## THE PARTIES

1.      Defendant is without sufficient knowledge as to the allegation in paragraph 1 that Ms. Burchard is a resident of the Commonwealth of Virginia. To the extent a response is required, Defendant denies the allegation. Defendant admits the remaining allegations in paragraph 1.

2.      Defendant is without sufficient knowledge as to the allegation in paragraph 2 that Ms. Garlock is a resident of the Commonwealth of Virginia. To the extent a response is required, Defendant denies the allegation. Defendant admits the remaining allegations in paragraph 2.

3.      The allegations in paragraph 3 pertain to Anna Laymon. Ms. Laymon's claims have

been resolved.  *See* ECF No. 40. To the extent a response is required, the allegations are denied.

4.      The allegations in paragraph 4 pertain to Kerri Potts. Ms. Potts' claims have been resolved.  *See* ECF No. 40. To the extent a response is required, the allegations are denied.

5.      The allegations in paragraph 5 pertain to the United States Semiquincentennial Commission (the "Commission"). On August 31, 2023, the Court granted the Commission's Motion to Dismiss and dismissed the Commission from the case. *See* ECF No. 38. To the extent a response is required, the allegations are denied.

6.      The allegations in paragraph 6 pertain to the American Battlefield Trust ("ABT"). On August 31, 2023, the Court granted the ABT's Motion to Dismiss and dismissed ABT from the case. *See* ECF No. 38. To the extent a response is required, the allegations are denied.

7.      Denied as phrased.

8.      Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 8. To the extent a response is required, Defendant denies the allegations in paragraph 8.

9.      The allegations in paragraph 9 pertain to Dan DiLella, the Chair of the Commission ("Mr. DiLella"). On November 21, 2022, Plaintiffs voluntarily dismissed Mr. DiLella from this case. *See* ECF No. 35. To the extent a response is required, the allegations are denied.

10.      The allegations in paragraph 10 pertain to Rosie Rios, Treasurer of the Commission ("Ms. Rios"). On November 21, 2022, Plaintiffs voluntarily dismissed Ms. Rios from this case. *See* ECF No. 35. To the extent a response is required, the allegations are denied.

11.      The allegations in paragraph 11 pertain to Frank Giordano, Executive Director of the Commission ("Mr. Giordano"). On November 21, 2022, Plaintiffs voluntarily dismissed Mr. Giordano from this case. *See* ECF No. 35. To the extent a response is required, the allegations are denied.

## JURISDICTION & VENUE

12.     The allegations in paragraph 12 call for legal conclusions and, therefore, no response is required. To the extent a response is required, Defendant does not contest the Court's jurisdiction.

13.     The allegations in paragraph 13 call for legal conclusions and, therefore, no response is required. To the extent a response is required, the allegations are denied.

## FACTS RELEVANT TO ALL PARTIES

14.     The allegations in paragraph 14 pertain to the Commission. On August 31, 2023, the Court granted the Commission's Motion to Dismiss and dismissed the Commission from this case. *See* ECF No. 38. To the extent a response is required, admitted.

15.     The allegations in paragraph 15 pertain to the Commission. On August 31, 2023, the Court granted the Commission's Motion to Dismiss and dismissed the Commission from this case. *See* ECF No. 38.  To the extent a response is required, the cited exhibits speak for themselves and Defendant denies any allegations to the contrary.

16.     The allegations in paragraph 16 pertain to the Commission. On August 31, 2023, the Court granted the Commission's Motion to Dismiss and dismissed the Commission from this case. *See* ECF No. 38.  To the extent a response is required, the cited Public Laws speak for themselves and Defendant denies any allegations to the contrary.

17.     The allegations in paragraph 17 pertain to the Commission. On August 31, 2023, the Court granted the Commission's Motion to Dismiss and dismissed the Commission from this case. *See* ECF No. 38. To the extent a response is required, the allegations are denied.

18.     Defendant denies the allegation in paragraph 18 that the Foundation cannot exist on its own. The remaining allegations in paragraph 18 are admitted.

19.     The allegations in paragraph 19 characterize the substance of a statement made by the Chair of the Commission; the cited exhibit speaks for itself and Defendant denies any allegations to the contrary.

20.     Admitted.

21.     Denied.

22.     Denied.

23.     Denied.

24.     The allegations in paragraph 24 pertain to the Commission. On August 31, 2023, the Court granted the Commission's Motion to Dismiss and dismissed the Commission from this case. *See* ECF No. 38. To the extent a response is required, the cited exhibit speaks for itself and Defendant denies any allegations to the contrary.

25.     Admitted.

26.     The allegations in paragraph 26 call for legal conclusions and, therefore, no response is required. To the extent a response is required, the allegations are denied.

27.     Denied.

28.     Denied.

29.     The allegations in paragraph 29 call for legal conclusions and, therefore, no response is required. To the extent a response is required, the allegations are denied.

30.     Admitted that the Foundation is a private non-profit entity. The remaining allegations of paragraph 30 call for legal conclusions and, therefore, no response is required. To the extent a response is required, the allegations are denied.

31.     Admitted.

32.     Admitted.

33.     Admitted that Plaintiffs were not Civil Servants. The remaining allegations in paragraph 33 call for legal conclusions and, therefore, no response is required. To the extent a response is required, the allegations are denied.

34.     The allegations in paragraph 34 characterize the substance of the First Report to the President, published in 2019; the report speaks for itself and Defendant denies any allegations to the contrary.

35.     The allegations in paragraph 35 pertain to ABT. On August 31, 2023, the Court granted ABT's Motion to Dismiss and dismissed ABT from this case. *See* ECF No. 38. Defendant is without sufficient information to admit or deny the allegations in paragraph 35. To the extent a response is required, the allegations are denied.

36.     The allegations in paragraph 36 pertain to ABT. On August 31, 2023, the Court granted ABT's Motion to Dismiss and dismissed ABT from this case. *See* ECF No. 38. Defendant is without sufficient information to admit or deny the allegations in paragraph 36. To the extent a response is required, the allegations are denied.

37.     The allegations in paragraph 37 pertain to ABT. On August 31, 2023, the Court granted ABT's Motion to Dismiss and dismissed ABT from this case. *See* ECF No. 38. Defendant is without sufficient information to admit or deny the allegations in paragraph 37. To the extent a response is required, the allegations are denied.

38.     The allegations in paragraph 38 pertain to ABT. On August 31, 2023, the Court granted ABT's Motion to Dismiss and dismissed ABT from this case. *See* ECF No. 38. Defendant is without sufficient information to admit or deny the allegations in paragraph 38. To the extent a response is required, the allegations are denied.

39.     The allegations in paragraph 39 pertain to ABT. On August 31, 2023, the Court

granted ABT's Motion to Dismiss and dismissed ABT from this case. *See* ECF No. 38. Defendant is without sufficient information to admit or deny the allegations in paragraph 39. To the extent a response is required, the allegations are denied.

40.     Denied.

41.     Denied.

42.     The allegations in paragraph 42 pertain to ABT and the Commission. On August 31, 2023, the Court granted ABT and the Commission's Motion to Dismiss and dismissed ABT and the Commission from this case. *See* ECF No. 38. To the extent a response is required, the allegations are denied.

43.     The allegations in paragraph 43 pertain to ABT and the Commission. On August 31, 2023, the Court granted ABT and the Commission's Motion to Dismiss and dismissed ABT and the Commission from this case. *See* ECF No. 38. To the extent a response is required, the allegations are denied.

44.     Denied.

45.     Denied.

46.     Defendant is without sufficient information to admit or deny the allegations in paragraph 46. To the extent a response is required, the allegations are denied.

47.     Defendant is without sufficient information to admit or deny the allegations in paragraph 47. To the extent a response is required, the allegations are denied.

48.     Defendant is without sufficient information to admit or deny the allegations in paragraph 48. To the extent a response is required, the allegations are denied.

49.     The allegations in paragraph 49 characterize the substance of an exhibit; the cited exhibit speaks for itself and Defendant denies any allegations to the contrary.

50.     Defendant admits the allegation in paragraph 50 that Mr. Campi was not paid by the Foundation to conduct any business. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 50. To the extent a response is required, the allegations are denied.

51.     The allegations in paragraph 51 pertain to ABT. On August 31, 2023, the Court granted the ABT's Motion to Dismiss and dismissed ABT from the case. *See* ECF No. 38. To the extent a response is required, the allegations are denied.

52.     Defendant is without sufficient information to admit or deny the allegations in paragraph 52. To the extent a response is required, the allegations are denied.

53.     The allegations in paragraph 53 characterize the substance of an exhibit; the cited exhibit speaks for itself and Defendant denies any allegations to the contrary.

54.     The allegations in paragraph 54 pertain to the Commission. On August 31, 2023, the Court granted the Commission's Motion to Dismiss and dismissed the Commission from this case. *See* ECF No. 38. To the extent a response is required, the allegations are admitted.

55.     The allegations in paragraph 55 pertain to the Commission. On August 31, 2023, the Court granted the Commission's Motion to Dismiss and dismissed the Commission from this case. *See* ECF No. 38. To the extent a response is required, the allegations are admitted.

56.     The allegations in paragraph 56 characterize the substance of Public Laws; the cited Public Laws speak for themselves and Defendant denies any allegations to the contrary.

57.     The allegations in paragraph 57 characterize the substance of Public Laws; the cited Public Laws speak for themselves and Defendant denies any allegations to the contrary.

58.     The allegations in paragraph 58 pertain to the Commission. On August 31, 2023, the Court granted the Commission's Motion to Dismiss and dismissed the Commission from this

case. *See* ECF No. 38. To the extent a response is required, the allegations are denied.

59.     The allegations in paragraph 59 characterize the substance of a statute; the cited statute speaks for itself and Defendant denies any allegations to the contrary. The remaining allegations in paragraph 59 pertain to the Commission. On August 31, 2023, the Court granted the Commission's Motion to Dismiss and dismissed the Commission from this case. *See* ECF No. 38.

60.     The allegations in paragraph 60 pertain to the Commission. On August 31, 2023, the Court granted the Commission's Motion to Dismiss and dismissed the Commission from this case. *See* ECF No. 38.  To the extent a response is required, admitted that the voting members of the Commission set forth in the subparagraphs of paragraph 60 were accurate as of the filing of the Amended Complaint.

61.     The allegations in paragraph 61 characterize the substance of a Public Law; the cited Public Law speaks for itself and Defendant denies any allegations to the contrary.

62.     The allegations in paragraph 62 pertain to the Commission. On August 31, 2023, the Court granted the Commission's Motion to Dismiss and dismissed the Commission from this case. *See* ECF No. 38.  To the extent a response is required, admitted that the *ex officio* non-voting members of the Commission set forth in the subparagraphs of paragraph 62 were accurate as of the filing of the Amended Complaint.

63.     The allegations in paragraph 63 pertain to the Commission. On August 31, 2023, the Court granted the Commission's Motion to Dismiss and dismissed the Commission from this case. *See* ECF No. 38.  To the extent a response is required, admitted that the Executive Leadership of the Commission set forth in paragraph 63 was accurate as of the filing of the Amended Complaint.

64.     The allegations in paragraph 64 call for legal conclusions and, therefore, no

response is required. To the extent a response is required, the allegations are denied.

65.     The allegations in paragraph 65 call for legal conclusions and, therefore, no response is required. To the extent a response is required, the allegations are denied.

66.     Defendant is without sufficient information to admit or deny the allegations in paragraph 66. To the extent a response is required, the allegations are denied

67.     Denied.

68.     Denied.

69.     The allegations in paragraph 69 characterize the Foundation's Bylaws; the Bylaws speak for themselves and Defendant denies any allegations to the contrary.  Answering further, Defendant denies the remainder of paragraph 69.

70.     Denied.

71.     The allegations in paragraph 71 pertain to the Commission On August 31, 2023, the Court granted the Commission's Motion to Dismiss and dismissed the Commission from this case. *See* ECF No. 38.  To the extent a response is required, the allegations are denied.

72.     Denied with respect to the Foundation.

73.     Denied.

74.     Denied.

75.     Defendant admits the allegations in paragraph 75 that Dr. Rucci served as the President and CEO of the Foundation and hired each of the Plaintiffs, that he resigned from the role of CEO in March 2021, and that he led the search process for his replacement CEO. Defendant denies that Dr. Rucci continues to serve as a *pro bono* senior advisor to the Foundation. The remaining allegations in paragraph 75 pertain to Dr. Rucci's role with the Commission. On August 31, 2023, the Court granted the Commission's Motion to Dismiss and dismissed the Commission

from this case. *See* ECF No. 38.

76.     Admitted.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied as phrased; the CEO position was offered to the most qualified candidate.

81.     Admitted.

82.     Denied as phrased; Defendant admits the allegation in paragraph 82 that the Foundation hired an African American male as Senior Vice President at the Foundation.

83.     Denied.

84.     Defendant admits that the new SVP was given a higher salary and title than Plaintiffs. The remaining allegations are denied.

85.     Defendant is without sufficient information to admit or deny the allegations in paragraph 85. To the extent a response is required, the allegations are denied.

86.     Denied.

87.     Denied.

88.     Defendant admits the allegation in paragraph 88 that over the course of 2021, the Foundation began ramping up for its national brand launch, and in the summer of 2021, dozens of contracts were in the pipeline for review and execution. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 88. To the extent a response is required, the allegations are denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Defendant is without sufficient information to admit or deny the allegations in paragraph 94. To the extent a response is required, the allegations are denied.

95.     Defendant is without sufficient information to admit or deny the allegations in paragraph 95. To the extent a response is required, the allegations are denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    The allegations in paragraph 103 pertain to Plaintiff Laymon. All allegations as to Plaintiff Laymon have been resolved. *See* ECF No. 40. To the extent a response is required, the allegations are denied.

104.    Denied.

105.    Denied.

106.    Denied as phrased inasmuch as Plaintiffs suggest or imply a gender-based discrimination or hostile work environment. Answering further, the majority of the Foundation's employees were and are women.

107.    Denied.

## FACTS RELEVANT TO PLAINTIFF BURCHARD'S CLAIMS

108.    Defendant incorporates by reference the foregoing responses as if fully incorporated herein.

109.    Defendant admits the allegations in paragraph 109 that Plaintiff Burchard was first hired in April 0f 2020 as a contract consultant to the Foundation and that she was originally hired to provide support to the CEO and COO. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 109. To the extent a response is required, the allegations are denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Defendant is without sufficient information to admit or deny the allegations in paragraph 114. To the extent a response is required, the allegations are denied.

115.     Defendant is without sufficient information to admit or deny the allegations in paragraph 115. To the extent a response is required, the allegations are denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Defendant is without sufficient information to admit or deny what potential corporate partners may or may not have expressed to Plaintiff Laymon. To the extent a response is required, the allegations in paragraph 120 are denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    The allegations in paragraph 127 characterize the substance of Commissioner Cohen's formal development report, which speaks for itself. Defendant denies any allegations to the contrary

128.    The allegations in paragraph 128 call for legal conclusions and, therefore, no response is required. To the extent a response is required, the allegations are denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Admitted that Burchard raised issues with a reimbursement request submitted by Askew in or around September 2021.  The remaining allegations in paragraph 142 are denied.

143.    Defendant is without sufficient information to admit or deny the allegations in paragraph 143. To the extent a response is required, the allegations are denied.

144.    Defendant is without sufficient information to admit or deny the allegation in paragraph 144 that the HR specialist with Insperity recommended that Mr. Askew be terminated without severance. To the extent a response is required, the allegations are denied. Defendant denies the remaining allegations in paragraph 144.

145.    Denied.

146.    Defendant is without sufficient information to admit or deny the allegation in paragraph 146 that Mr. Daniels promised resolution before his first official day as CEO. To the extent a response is required, the allegation is denied. Defendant admits the remaining allegations in paragraph 146.

147.    Defendant admits the allegation that Mr. Hommel asked Plaintiff Burchard "why she wanted to burn down the village." However, Defendant denies the remaining allegations in paragraph 147.

148.    Denied.

149.    Denied.

150.    Defendant admits the allegation that on or about October 7, 2021, Mr. Daniels had a call with Plaintiff Burchard. The remaining allegations are denied.

151.    Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 151. To the extent a response is required, the allegations are denied.

152.     Defendant is without sufficient information to admit or deny the allegations in paragraph 152. To the extent a response is required, the allegations are denied.

153.     Denied.

154.     Denied.

155.     Admitted.

156.     Admitted.

157.     Denied.

158.     Denied.

159.     Denied.

160.     Defendant is without sufficient information to admit or deny the allegations in paragraph 160. To the extent a response is required, the allegations are denied.

161.     Defendant is without sufficient information to admit or deny the allegation in paragraph 161 that Plaintiff Burchard reached out to Mr. Daniels the following day. To the extent a response is required, the allegations are denied. The remaining allegations are denied.

162.     Denied.

163.     Denied.

164.     Defendant is without sufficient information to admit or deny the allegations in paragraph 164. To the extent a response is required, the allegations are denied.

165.     Defendant is without sufficient information to admit or deny the allegations in paragraph 165. To the extent a response is required, the allegations are denied.

166.     Denied.

167.     Denied.

168.     Denied.

169.     Admitted.

170.     Defendant denies the generic allegations that Mr. Askew submitted over $30,000 of invoices. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 170. To the extent a response is required, the remaining allegations are denied.

171.     Denied.

172.     Denied.

173.     Defendant is without sufficient information to admit or deny the allegations in paragraph 173. To the extent a response is required, the allegations are denied.

174.     Denied.

175.     Denied.

176.     Defendant admits the allegation in paragraph 176 that Plaintiff Burchard reached out to Mr. Hommel and Dr. Rucci before she resigned. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 176. To the extent a response is required, the allegations are denied.

177.     Defendant admits the allegation in paragraph 177 that Plaintiff Burchard reached out to Dr. Rucci several times in the weeks before she resigned. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 177. To the extent a response is required, the allegations are denied.

178.     Denied.

179.     Denied.

180.     Defendant is without sufficient information to admit or deny the allegations in paragraph 180. To the extent a response is required, the allegations are denied.

181.     Defendant is without sufficient information to admit or deny the allegations in

paragraph 181. To the extent a response is required, the allegations are denied.

182.    Defendant denies the allegation in paragraph 182 that Plaintiff Burchard was going to be forced to pay fraudulent invoices. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 182. To the extent a response is required, the remaining allegations are denied.

183.    Admitted.

## FACTS RELEVANT TO PLAINTIFF GARLOCK'S CLAIMS

184.    Defendant incorporates by reference the foregoing responses as if fully incorporated herein.

185.    Admitted.

186.    Defendant is without sufficient information to admit or deny the allegations in paragraph 186. To the extent a response is required, the allegations are denied.

187.    Defendant is without sufficient information to admit or deny the allegations in paragraph 187. To the extent a response is required, the allegations are denied.

188.    Denied.

189.    Defendant is without sufficient information to admit or deny the allegations in paragraph 189. To the extent a response is required, the allegations are denied.

190.    Defendant is without sufficient information to admit or deny the allegations in paragraph 190. To the extent a response is required, the allegations are denied.

191.    Admitted.

192.    Admitted.

193.    Denied.

194.    Denied as phrased.

195.    Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 195. To the extent a response is required, the allegations are denied.

196.    Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 196. To the extent a response is required, the allegations are denied.

197.    Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 197. To the extent a response is required, the allegations are denied.

198.    Denied.

199.    Denied.

200.    Defendant is without sufficient information to admit or deny the allegations in paragraph 200. To the extent a response is required, the allegations are denied.

201.    Defendant is without sufficient information to admit or deny the allegations in paragraph 201. To the extent a response is required, the allegations are denied.

202.    Denied.

203.    Denied.

204.    Denied.

205.    Defendant is without sufficient information to admit or deny the allegations in paragraph 205. To the extent a response is required, the allegations are denied.

206.    Denied.

207.    Defendant is without sufficient information to admit or deny the allegations in paragraph 207. To the extent a response is required, the allegations are denied.

208.    Denied.

209.    Denied.

210.    Denied.

211.    Denied.

212.    Denied.

213.    Denied.

214.    Denied.

215.    Defendant is without sufficient information to admit or deny the allegations in paragraph 215. To the extent a response is required, the allegations in paragraph 215 are denied.

216.    Defendant is without sufficient information to admit or deny the allegations in paragraph 216. To the extent a response is required, the allegations in paragraph 216 are denied.

217.    Denied.

218.    Defendant admits the allegation that Mr. Daniels stated that he would not honor the salary commitments by Dr. Rucci and Mr. Hommel. However, Defendant is without sufficient information to admit or deny as to whether this occurred during a December 1 meeting.

219.    Denied.

220.    Defendant is without sufficient information to admit or deny the allegations in paragraph 220. To the extent a response is required, the allegations are denied.

221.    Admitted; but Defendant denies the truth of the assertions contained in the resignation letter.

222.    Defendant is without sufficient information to admit or deny the allegations in paragraph 222. To the extent a response is required, the allegations are denied.

223.    Defendant is without sufficient information to admit or deny the allegations in paragraph 223. To the extent a response is required, the allegations are denied.

224.    Defendant admits the allegation in paragraph 224 that on or about December 8, 2021, Plaintiff Garlock resigned from her position as Chief Legal Officer to the Foundation.

Defendant denies the allegations that there was unethical or potentially illegal conduct.

225.    The allegations in paragraph 225 characterize the substance of Plaintiff Garlock's correspondence to General Counsel McGarrigle. The cited correspondence speaks for itself and Defendant denies any allegations to the contrary.

## FACTS RELEVANT TO PLAINTIFF POTTS' CLAIMS

226.    Defendant incorporates by reference the foregoing responses as if fully incorporated herein.

227-296.     The allegations in paragraphs 227 to 296 pertain to Kerri Potts. Ms. Potts' claims have been resolved. *See* ECF No. 40. To the extent a response is required, the allegations are denied.

## FACTS RELEVANT TO PLAINTIFF LAYMON'S CLAIMS

297.    Defendant incorporates by reference the foregoing responses as if fully incorporated herein.

298-383.     The allegations in paragraphs 298 to 383 pertain to Anna Laymon. Ms. Laymon's claims have been resolved. *See* ECF No. 40. To the extent responses are required, the allegations are denied.

## CLAIMS COMMON TO ALL PLAINTIFFS

### COUNT I
### Violation of the False Claims Act, 31 U.S.C. §§ 3729 et seq. & 3730(h)(2)

384.    Defendant incorporates by reference the foregoing responses as if fully incorporated herein.

385.    The allegations in paragraph 385 call for legal conclusions and, therefore, no response is required. To the extent a response is required, the allegations are denied.

386.     The allegations in paragraph 386 call for legal conclusions and, therefore, no response is required. To the extent a response is required, the allegations are denied.

387.     The allegations in paragraph 387 pertain to the Commission. On August 31, 2023, the Court granted the Commission's Motion to Dismiss and dismissed the Commission from this case. *See* ECF No. 38. To the extent a response is required, the allegations are denied.

388.     The allegations in paragraph 388 pertain to the Commission. On August 31, 2023, the Court granted the Commission's Motion to Dismiss and dismissed the Commission from this case. *See* ECF No. 38. To the extent a response is required, the allegations are denied.

389.     The allegations in paragraph 389 pertain to the Commission. On August 31, 2023, the Court granted the Commission's Motion to Dismiss and dismissed the Commission from this case. *See* ECF No. 38. To the extent a response is required, the allegations are denied.

390.     Admitted that Plaintiffs were employed by the Foundation.

391.     Denied.

392.     Denied.

393.     Denied.

394.     Denied.

395.     Denied.

396.     Denied.

397.     Denied.

398.     Denied.

399.     Denied.

400.     Denied.

**COUNT II**
**Violation of the District of Columbia Human Rights Act**
**(Violation of the Fair Pay Act as incorporated into the DCHRA)**

401.    Defendant incorporates by reference the foregoing responses as if fully incorporated herein.

402.    The allegations in paragraph 402 pertain to the Commission. On August 31, 2023, the Court granted the Commission's Motion to Dismiss and dismissed the Commission from this case. *See* ECF No. 38.  To the extent a response is required, the allegations are denied.

403.    The allegations in paragraph 403 pertain to the Commission. On August 31, 2023, the Court granted the Commission's Motion to Dismiss and dismissed the Commission from this case. *See* ECF No. 38.  To the extent a response is required, the allegations are denied.

404.    The allegations in paragraph 404 pertain to the Commission. On August 31, 2023, the Court granted the Commission's Motion to Dismiss and dismissed the Commission from this case. *See* ECF No. 38.  To the extent a response is required, the allegations are denied.

405.    Admitted that Plaintiffs were employed by the Foundation.

406.    Denied.

407.    Denied.

408.    Denied.

409.    Denied.

410.    Denied.

411.    Denied.

412.    Denied.

413.    Denied.

414.    Denied.

**COUNT III**
**Violation of the District of Columbia Human Rights Act**
**(Gender Discrimination-Hostile Work Environment)**

415.    Defendant incorporates by reference the foregoing responses as if fully incorporated herein.

416.    The allegations in paragraph 416 pertain to the Commission. On August 31, 2023, the Court granted the Commission's Motion to Dismiss and dismissed the Commission from this case. *See* ECF No. 38.  To the extent a response is required, the allegations are denied.

417.    The allegations in paragraph 417 pertain to the Commission. On August 31, 2023, the Court granted the Commission's Motion to Dismiss and dismissed the Commission from this case. *See* ECF No. 38.  To the extent a response is required, the allegations are denied.

418.    The allegations in paragraph 418 pertain to the Commission. On August 31, 2023, the Court granted the Commission's Motion to Dismiss and dismissed the Commission from this case. *See* ECF No. 38.  To the extent a response is required, the allegations are denied.

419.    Denied.

420.    Denied.

421.    Denied.

422.    Denied.

423.    Denied.

424.    Denied.

425.    Denied.

426.    Denied.

427.    Denied.

## COUNT IV
## Wrongful Termination

428.    Defendant incorporates by reference the foregoing responses as if fully incorporated herein.

429.    Defendant is without sufficient information to admit or deny the allegations in paragraph 429. To the extent a response is required, the allegations are denied.

430.    Denied.

431.    Denied.

432.    Denied.

433.    Denied.

434.    Denied.

435.    Denied.

436.    Denied.

437.    Denied.

438.    Denied.

439.    Denied.

## COUNT V
## Negligence

440-450.    Paragraphs 440 to 450 pertain to Count V. On August 31, 2023, the Court dismissed Count V of the Amended Complaint. *See* ECF No. 38. To the extent a response is required, the allegations are denied.

## COUNT VI
## Negligent Infliction of Emotional Distress

451-462.    Paragraphs 451 to 462 pertain to Count VI. On August 31, 2023, the Court dismissed Count VI of the Amended Complaint. *See* ECF No. 38. To the extent a response is

required, the allegations are denied.

## COUNT VII
### Defamation of Character (against Dilella and the Commission)

463-475.     Count VII pertains to Defendant Dilella and the Commission. On November 21, 2022, Plaintiffs voluntarily dismissed Defendant Dilella from this case. *See* ECF No. 35. On August, 31, 2023, the Court granted the Commission's Motion to Dismiss and dismissed the Commission from this case. *See* ECF No. 38. To the extent a response is required, the allegations are denied.

## COUNT VIII
### Negligent Supervision against the Commission and Individual Defendants

476-495.     Paragraphs 476 to 495 pertain to Count VIII. Count VIII pertains to the Commission and the Individual Defendants. On November 21, 2022, Plaintiffs voluntarily dismissed the Individual Defendants from this case. *See* ECF No. 35. On August, 31, 2023, the Court granted the Commission's Motion to Dismiss and dismissed the Commission from this case. *See* ECF No. 38. To the extent a response is required, the allegations are denied.

## COUNT IX
### Negligent Supervision against the American Battlefield Trust

496-513.     Count IX pertains to ABT. On August, 31, 2023, the Court granted ABT's Motion to Dismiss and dismissed ABT from this case. *See* ECF No. 38. To the extent a response is required, the allegations are denied.

## COUNT X
### Defamation of Character (Garlock and Burchard against the Foundation)

514.     Defendant incorporates by reference the foregoing responses as if fully incorporated herein.

515.     Defendant is without sufficient information to admit or deny the allegations in

paragraph 515. To the extent a response is required, the allegations are denied.

516.    Defendant is without sufficient information to admit or deny the allegations in paragraph 516. To the extent a response is required, the allegations are denied.

517.    Denied.

518.    Defendant is without sufficient information to admit or deny the allegations in paragraph 518 inasmuch as the purported "dubious expenditure" is not identified. To the extent a response is required, the allegations are denied.

519.    Defendant is without sufficient information to admit or deny the allegations in paragraph 519. To the extent a response is required, the allegations are denied.

520.    Defendant is without sufficient information to admit or deny the allegations in paragraph 520 inasmuch as the "questionable invoices" are not identified. To the extent a response is required, the allegations are denied.

521.    Denied.

522.    Denied.

523.    Denied.

524.    Denied.

525.    Denied.

526.    Denied.

527.    The allegations in paragraph 527 call for legal conclusions and, therefore, do not require a response. To the extent a response is required, the allegations are denied.

528.    Denied.

Defendant denies all remaining allegations contained in the Amended Complaint and every cause of action contained therein and demands strict proof thereof. Defendant further denies that

Plaintiffs were damaged or injured in any sum or sums, or at all, by the acts, omissions, or conduct of Defendant or that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

Defendant respectfully gives notice and asserts the following defenses as a matter of law and/or supported by facts to be determined through discovery. The arguments and defenses set forth in Defendant's Motion to Dismiss and Supporting Memorandum of Law (ECF No. 26) are incorporated by reference herein. The designation of the following affirmative defenses should not be construed as an admission by Defendant of any fact or burden of proof or persuasion, and such burdens shall be determined according to applicable law.

1.      The Amended Complaint fails to state a cause of action against Defendant.

2.      Plaintiffs' alleged damages, if any, did not occur in the manner or to the extent asserted and/or were not caused by the Defendant.

3.      Plaintiffs failed to mitigate and/or minimize their damages, if any.

4.      At all times relevant hereto, Defendant acted in good faith and/or with good cause and has not violated any rights which may be secured by Plaintiffs under any state or local laws, rules, regulations, codes, or guidelines.

5.      To the extent equitable doctrines such as unclean hands, laches, waiver, and estoppel apply, they bar the relief sought by Plaintiff.

6.      Defendant denies that it committed any act or omission constituting retaliation in violation of the False Claims Act, 31 U.S.C. §§ 3729 et seq. & 3730(h)(2) and/or D.C. Code § 2-1401, et seq. and demands strict proof thereof. Defendant asserts that it is not liable to Plaintiffs under any theory of law.

7.      Defendant denies that it committed any act or omission constituting discrimination

or a hostile work environment in violation of D.C. Code § 2-1401, et seq. and demands strict proof thereof. Defendant asserts that it is not liable to Plaintiffs under any theory of law.

8.      Plaintiffs' gender discrimination and pay inequality claims fail for want of any legally cognizable comparators.

9.      Defendant denies that it committed any act or omission constituting wrongful termination, or in the alternative, constructive discharge, and demands strict proof thereof. Defendant asserts that it is not liable to Plaintiffs under any theory of law.

10.     Plaintiffs' wrongful termination claims fail because, as alleged in the Complaint, each voluntarily resigned from their respective positions.

11.     Defendant denies that it committed any act or omission constituting defamation per se against Plaintiffs Garlock and/or Burchard, and demands strict proof thereof. Defendant asserts that it is not liable to Plaintiffs under any theory of law.

12.     Plaintiffs Burchard and Garlock fail to identify the precise alleged defamatory statements that support their claims.

13.     With respect to some or all claims brought by Plaintiffs, Defendant affirmatively pleads that any acts or omissions which may be found to be in violation of Plaintiffs' rights were not willful but occurred in good faith with reasonable grounds for believing that Defendant was in full compliance with the law.

14.     Defendant's actions with respect to Plaintiffs were taken for legitimate, non-discriminatory, non-prohibited reasons and/or for good cause.

15.     Defendant reserves the right to relay upon any and all affirmative defenses as they become known during the course of discovery and trial.

WHEREFORE, having fully answered the Amended Complaint and stated Affirmative

Defenses thereto, Defendant America 250 Foundation respectfully requests that this Court enter judgment in its favor and against Plaintiffs, and award Defendant its attorneys' fees and costs.

Dated: November 30, 2023          Respectfully submitted,


/s/ Brian A. Scotti
Brian A. Scotti, Esq. (D.C. Bar No. 497125)
Jenna N. Van Middelem, Esq. (D.C. Bar No. 1742387)
GORDON REES SCULLY MANSUKHANI, LLP
277 S. Washington Street, Suite 550
Alexandria, Virginia 22314
(T): 202-399-1009
(F): 202-800-2999
bscotti@grsm.com
jvanmiddelem@grsm.com

*Counsel for Defendant America 250 Foundation*


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 30, 2023, a copy of the foregoing was served electronically via the Court's ECF system to all counsel of record.


/s/ Brian A. Scotti
Brian A. Scotti