IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RENEE BURCHARD, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Case No.  1:22-CV- 00497 (JMC) |
| ) | |
| AMERICA 250 FOUNDATION, ) | |
| *et al.*, ) | |
| ) | |
| *Defendants*. ) | |
| _____) | |

**JOINT STATUS REPORT TO THE COURT
REGARDING COLLATERAL LITIGATION
TO THE PROCEEDINGS IN THIS COURT
AND REQUEST FOR EMERGENCY HEARING WITH THE COURT**

Comes now the Parties, jointly, to inform the court of a development involving some of the same Parties in this case.

1. As the Court is aware, two of the Plaintiffs in this case, Anna Laymon and Keri Potts, have reached a settlement in principle with Defendant, America 250 Foundation (hereinafter "the Foundation").

2. The Parties were in the process of drafting the final settlement agreements when Plaintiff Laymon received through First Class United States Mail, a complaint suing all four Plaintiffs, as well as an unidentified group of Jane and John Does for abuse of process, malicious prosecution and civil conspiracy.  The complaint is styled, *Daniel M. DiLella, et al. v. Renee Burchard, et al.*, in the United States District Court for the Eastern District of Pennsylvania, Case No. 2:23-cv-04567-NIQA, (hereinafter "*DiLella* 2").

3. The lawsuit was filed by Dan DiLella and Frank Giordano in their capacities as private citizens.  Both are also former board members of Defendant.  Mr. DiLella is currently a

1

Commissioner of the United States Semi Quincentennial Commission (hereinafter "the Commission"). The Commission is still in full control of the Foundation.

4. At this time, *DiLella 2* has not been lawfully served on any of the Plaintiffs or counsel for the Plaintiffs, but presumably, Mr. DiLella and Mr. Giordano will eventually effectuate service.

5. In January 2023, Mr. DiLella and Mr. Giordano filed a lawsuit in Pennsylvania state court against two current and one former Commissioners of the Commission, alleging defamation, civil conspiracy, and tortious interference (hereinafter "*DiLella 1*"). *DiLella 1* was removed to federal court in Pennsylvania when the Department of Justice assumed the defense of the named Defendant Commissioners.

5. Mr. DiLella and Mr. Giordano sent letters to Plaintiffs' counsel in November 2022 and July 2023 putting them on notice to preserve documents in light of *DiLella 1*, and demanding that Plaintiffs further amend the lawsuit herein to remove all allegations relating to their clients in light of their voluntary dismissal of counts against individual Board Members and Mr. Giordano in the instant matter. Plaintiffs' counsel has interpreted these correspondences as threats and warned counsel for Mr. DiLella and Mr. Giordano that such threats are unlawful.

7. *DiLella 1* was originally directed at the aforementioned two current and one former Commissioner, as well as seven unnamed Jane and John Does, ostensibly including the Plaintiffs herein.

8. *DiLella 1* was never served on Plaintiffs, and the Jane and John Does have yet to be named. The DOJ, on behalf of its three clients, and in relying on the ruling herein, has moved to dismiss *DiLella 1* on sovereign immunity principles.

9. Should Mr. DiLella and Mr. Giordano succeed in properly serving Plaintiffs in *DeLella 2*, Plaintiffs herein will immediately move to transfer the case to this Court, as they believe there is no way to resolve the claims in that suit without engaging in the discovery that is going to be managed by this Court. It is Plaintiffs' belief that the existence of *DiLella 2* renders settlement of the matters herein all but impossible because it is an action by former board members of Defendant, one of whom is still a current Commissioner, that requires litigation of some of the same facts and allegations in the instant matter. Plaintiffs note that the Commission still retains full control over the Foundation. Plaintiffs assert that their willingness to settle this matter was based on the belief that such would resolve litigation, which is no longer the case. Inasmuch as the Foundation is directly involved in the instant matter, and tangentially involved in *DiLella 2*, it is expected the Foundation and its constituents will have some involvement in discovery in that matter as well.

10. Defendant believes that the two Plaintiffs who agreed to settlement through the Court's pro bono mediation program are bound to execute the negotiated settlement agreements. The existence of *DiLella 2* initiated by private citizens, that alleges different causes of action and does not name nor involve the Defendant in this suit, while unfortunate for the Plaintiffs herein, does not justify stopping a thus far successful settlement process.

We jointly request an emergency status conference with the Court to discuss the impact of the foregoing on the scheduling and status of this case.

    Respectfully submitted,

    /s/*Pamela M. Keith*
    Pamela M. Keith
    CENTER FOR EMPLOYMENT JUSTICE
    650 Massachusetts Ave. NW.
    Suite 600
    Washington, DC 20001

>(202) 800-0292
>pamkeith@centerforemploymentjustice.com
>*Counsel for Plaintiff*
>
>/s/*Brian Scotti*
>Brian Scotti
>GORDON REES SCULLY MANSUKHANI
>277 S. Washington St.,
>Suite 550
>Alexandria, VA 22314
>(202) 372-9078
>bscotti@grsm.com
>*Counsel for Defendant*

4