The order below is hereby signed.

Signed: April 16 2024



*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RENEE BURCHARD, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Case No. 22-cv-00497-JMC |
| AMERICA 250 FOUNDATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MEDIATION PROCEDURES ORDER

This matter has been referred to me for mediation. Accordingly, it is hereby

**ORDERED** that a mediation session in this civil action will be held remotely via Zoom on May 8, 2024, at 10:00 a.m. It is further

**ORDERED** that the parties are advised:

(a) As mediator, I have no authority to render a decision or to require a settlement. As mediator, I do not disclose to persons not involved in the mediation process any written or oral communications made in connection with or during any mediation session. I keep confidential any confidential mediation statement

a party submits to me and any other confidential disclosures the party makes to me in the mediation process.  Except when authorized by the party to do so, I do not disclose any such confidential communication to other parties.  As to what is a confidential disclosure made to me in a confidential mediation statement or in private caucus with one side during the settlement conference, my usual ground rule is as follows.  I view a discussion of a weakness in the party's own case as intended to be confidential (unless the party indicates the discussion need not be kept confidential), but I treat other discussions (*e.g.*, a discussion of a weakness in the opponent's case) as not intended to be confidential except to the extent that the party asks me to treat a particular discussion as confidential or that it is apparent to me that the party would want the discussion to be kept confidential.

(b) Except when (with the consent of the parties when consent is needed) I file on the docket a status report regarding the status of the mediation, or issue a supplemental order regarding mediation dates or procedures, I do not engage in communication regarding the case with the judge assigned the case.

(c) Participants in the mediation should refrain from scheduling other matters or appointments on the date of the mediation, including into the evening. If any party will be traveling to the District of Columbia for the mediation, no return

2

travel plans should be made on the day of the mediation until the mediation session if concluded.

(d) I am assuming the parties would prefer to have the mediation conducted via Zoom, but if the parties send me a joint request for the mediation session to be held in person, and I grant the request, the mediation session will be held in the E. Barrett Prettyman United States Courthouse located at 333 Constitution Avenue N.W., Washington, D.C. 20001. (The precise courtroom being used would be set later.)  The nearest Metro stop is Judiciary Square on the Red Line.

It is further

**ORDERED** that the parties and their counsel must comply with each of the following requirements:

PARTICIPANTS IN MEDIATION: The lead attorney(s) for each party and an authorized representative of each party must attend the mediation:

- An insured party need not attend unless the settlement decision will be made in part by the insured.
- When the settlement decision will be made in whole or in part by an insurer, the insurer shall have a representative participate in the session with full and complete authority to make settlement decisions unless an exception is requested via email to me and granted by me for good cause shown.
- A corporate party shall have a representative participate in the session with full and complete authority to bind the company unless an exception is requested via email to me and granted by me for good cause shown.
- A governmental entity shall assure participation in the session of a representative authorized to act on its behalf.

3

If I grant a request to permit a party not to have an authorized representative attend the session, then, unless counsel has settlement authority, an individual with settlement authority must be immediately available by telephone or other remote means pending the duration of the mediation (which may extend into the evening).

CONFIDENTIAL MEDIATION STATEMENTS: No later than seven (7) days before the mediation session, each party shall submit to me a confidential mediation statement by email to [martin_teel@dcb.uscourts.gov](mailto:martin_teel@dcb.uscourts.gov). The mediation statement shall not become a part of the file in the case but shall be for my exclusive use in preparing for and conducting the settlement conference. The subject line of the email should mention the term "Confidential Mediation Statement" and include the case name and docket number. The mediation statement should not be lengthy but should contain enough information to be useful to me in analyzing the factual and legal issues in the case.  The parties are directed to be candid in their mediation statements.  A party's confidential mediation statement generally should not exceed twelve pages (but counsel may decide that circumstances justify exceeding that limitation).  The confidential mediation statement of a party should:

(1) recite the name, title, and contact information of each person who will be participating in the mediation on behalf of that party and designate which individuals will have settlement or negotiating authority;

(2) briefly describe the circumstances that gave rise to the litigation and the claims and defenses being raised (with pertinent documentation attached if deemed warranted to facilitate mediation);

(3) candidly assess the major legal and factual issues in the case, including the strengths and weaknesses of the claims and defenses raised;

(4) identify the potential monetary exposure of any applicable damages and attorney's fees claims;

(5) identify the important factors (factual, legal, and/or practical) that counsel believes will affect whether the case may be settled;

(6) if discovery has not been completed, state whether the exchange of any documents or records prior to mediation would make the mediation session more productive and describe the nature of any such documents or records;

(7) describe the necessary terms in any settlement (e.g., scope of release, any non-disparagement or confidentiality provisions, non-monetary relief, disposition of related proceedings, *etc*.);

(8) describe the status of settlement negotiations including offers or demands that have been made;

(9) describe the party's ideas on how the case could be resolved at this juncture;

(10) identify any impediments to settlement that the party perceives; and

(11) set forth a present settlement proposal.

PROVIDING NON-CONFIDENTIAL MEDIATION STATEMENT TO OPPOSING PARTY: Mediation is an opportunity for counsel for a party to disclose to the opposing party that counsel's views of the case and the factors affecting what would be an appropriate settlement.  The opposing party may not have heard from their own counsel a full exposition of such views.  Providing a nonconfidential mediation statement to the opposing party is a good opportunity to provide your views to that party, and it permits me to understand what information has been shared with the opposing party and thus is not of a confidential nature.  Accordingly, counsel may wish to provide to the opposing party a non-confidential mediation statement setting forth the counsel's views of the case and the factors affecting what would be an appropriate settlement.  To facilitate my understanding of what information has been shared with the opposing party, copies of any non-confidential mediation statement should be provided to me at the above-noted email address.

PRE-MEDIATION SEPARATE CONFERENCES: Ahead of the mediation session, I will attempt to confer telephonically separately with each party's counsel (and the party, if desired). Each party's counsel should contact me directly at the above-recited email

6

address to arrange such a conference.

AGREEMENT REGARDING MEDIATION: The parties and other participants in the mediation process should execute and transmit to me by email (**but not file**) an *Agreement Regarding Mediation* in the form attached hereto. If a party or other participant does not execute and submit the *Agreement*, nevertheless, upon such entity's proceeding to participate in the mediation process, such entity shall be deemed to have agreed to the terms of the *Agreement* and the terms of the *Agreement* will apply to that party or participant.

RESCHEDULING MEDIATION: If a party or counsel becomes unavailable to attend the scheduled mediation and needs to reschedule, counsel must immediately send an email to:

- martin_teel@dcb.uscourts.gov, and

- the other counsel in the case.

Once I have indicated what dates I can conduct a rescheduled mediation session, the party with the scheduling conflict shall bear the responsibility of confirming a new date and time with all counsel.  Once the parties have consented to a new date for mediation, counsel for the party with the scheduling conflict shall notify me of that new date.  The parties need not file a motion to reschedule mediation.

SIGN LANGUAGE INTERPRETING OR TRANSLATION SERVICES: A party or counsel that requires sign language interpreting during mediation shall promptly notify me of that request within seven (7) days after entry of this order.  If a party requires any other language interpreting or translation service during mediation, counsel for the party requiring that service is responsible for providing it during mediation.

CONTACTING CHAMBERS: If the parties have any questions about the scheduled mediation in this matter, they may contact me by email.

SO ORDERED.

[Signed and dated above.]

Copies to: All counsel of record.

```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

RENEE BURCHARD, et al.,            )
                                   )
              Plaintiffs,          )
                                   )
       v.                          )
                                   )   Case No. 22-cv-00497-JMC
AMERICA 250 FOUNDATION, et         )
al.,                               )
                                   )
              Defendants.          )
```

AGREEMENT REGARDING MEDIATION
[Not to be Filed on Docket]

The parties and other participants whose signatures appear below agree that all proceedings in the mediation that has been set in the above-captioned civil action, including statements made and documents prepared by or at the direction of any party, attorney, or other participant, for the purpose of mediation are privileged and confidential, and shall not be disclosed in any manner, including in any subsequent proceeding or document, shall not be used for any purpose, including impeachment, in any pending or future proceeding in this or any other court or forum, and shall

not be construed for any purpose as an admission against interest. However:

- Information obtained through past or future discovery or other means outside of the mediation process shall not be rendered inadmissible or non-discoverable because it is used or presented in mediation.

- Nothing in this *Agreement* shall be construed to prohibit disclosures to persons not directly participating in a mediation (such as corporate or government officials) whose possession of mediation-related information counsel believe to be necessary to further the progress of the talks in the case; or to help a party respond to the mediation generally. Persons not attending a mediation who are given information on this "need-to-know" basis shall also be bound by the *Agreement* regarding confidentiality.

This *Agreement* shall not be construed to prohibit parties from entering written agreements resolving some or all of the case or from entering into and filing procedural or factual stipulations based on suggestions or agreements made in connection with a mediation.

Mediation sessions may be conducted by phone or video conferencing, and all parties and participants agree that these sessions will not be recorded.

The parties and other participants agree not to subpoena the mediator to testify or to subpoena the mediator to produce any documents submitted, received or created during the mediation. In no event will the mediator voluntarily testify on behalf of a party or other participant.

No party shall be bound by anything said or done at the mediation session unless a settlement, or other partial resolution is reached, or the parties enter into agreements about the pre-trial management of the case. Any agreements reached shall be reduced to writing and signed by the parties, and thereupon (and only thereupon) shall be binding upon all parties to the agreement. This Agreement may be executed in multiple counterparts which collectively shall constitute one original.

_____   _____
Plaintiff                        Defendant
Date:                            Date:

_____   _____
Plaintiff's Attorney             Defendant's Attorney
Date:                            Date:

[Signed and dated above.]

Copies to: All counsel of record.