## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RENEE BURCHARD, *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| v. | ) Case No.  1:22-CV- 00497 (JMC) |
| | ) |
| AMERICA 250 FOUNDATION, | ) |
| *et al.*, | ) |
| | ) |
| *Defendants*. | ) |
| _____ | ) |

### JOINT REPORT PURSUANT TO Fed. R. Civ. P. 26(f) AND LCvR 16.3

Pursuant to Fed. R. Civ. P. 26(f), LCvR 16.3, and the Court's Order dated March 22, 2024, Plaintiffs Renee Burchard, Kristi Garlock, Anna Laymon, and Kerri Potts (collectively, the "Plaintiffs") and Defendant America 250 Foundation ( "Defendant") (collectively "the Parties") hereby file the following Joint Report after meeting and conferring:

**1.     Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

RESPONSE:   The Court has already adjudicated Defendant's Motion to Dismiss. *See* ECF No. 38. Defendant anticipates filing a Motion for Summary Judgment at the close of discovery.

**2.      The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

RESPONSE:   The Parties agree the deadline for amendments to pleadings and joinder of non-class parties shall be Friday, July 26, 2024.

**3.     Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

RESPONSE:   The Parties do not consent to an assignment of this matter to a United States Magistrate Judge for all purposes, including trial.

**4.      Whether there is a realistic possibility of settling the case.**

RESPONSE:   The Parties have previously participated in a mediation through the Court's Alternative Dispute Resolution Program. *See* Mediation Referral Order (ECF No. 39) and Joint Status Report of the Parties, dated Oct. 30, 2023 (ECF No. 40). The Parties are participating in a settlement conference on May 8, 2024 with the Hon. S. Martin Teel Jr. *See* Mediation Procedures Order (ECF No. 44).

**5.      Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider.**

RESPONSE:   *See* Response to No. 4, above.

**6.      Whether the case can be resolved by summary judgment or motion to dismiss.**

RESPONSE: *See* Response to No. 1, above.  The Parties propose the following schedule for Summary Judgment briefings:

- Defendant's Motion for Summary Judgment by Friday, February 21, 2025;

- Plaintiffs' Response to Defendant's Motion for Summary Judgment and any Cross-Motion for Summary Judgment by Friday, March 21, 2025;

- Defendant's Reply on its Motion for Summary Judgment and Response to Plaintiffs' Cross-Motion by Friday, April 4, 2025; and

- Plaintiffs' Reply on their Cross-Motion by Friday, April 18, 2025.

The Parties agree that Fed. R. Civ. P. 56 and Local Civil Rule 7(h) shall govern Motions for Summary Judgment.

**7.     Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

RESPONSE:  The Parties agree that an exchange of initial disclosures consistent with Federal Rule of Civil Procedure 26(a)(1) shall be made by June 14, 2024.

**8.     The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

RESPONSE:  Discovery in this matter will be governed by the Federal Rules of Civil Procedure and the Local Rules of this Court. The Parties agree that discovery in this matter shall conclude on Friday, December 12, 2024.

The Parties will engage in discovery focused on the Parties' legal and factual claims, counterclaims (if later alleged), and factual and legal defenses. The Parties agree that each Party may serve up to twenty-five (25) interrogatories, up to twenty-five (25) document requests, and up to twenty (20) requests for admission on any opposite party.

Each Party will submit to a deposition not exceeding seven (7) hours in length at a time and date mutually agreed to by the Parties. If Defendant designates more than one (1) deponent to testify as to topics identified in a Fed. R. Civ. P. 30(b)(6) notice, then the cumulative amount of time for all such deponents will not exceed seven (7) hours. Each party of the litigation may also take up to five (5) additional non-party fact witness depositions not exceeding seven (7) hours in

length per deposition set at times and dates mutually agreed to by the Parties and convenient to the witness.  Further, each party shall be entitled to take the deposition of any expert witness designated by the opposite Party not exceeding seven (7) hours in length per deposition set at times and dates mutually agreed to by the Parties and convenient to the witness. The Parties expressly reserve the right to seek leave of the Court to take additional non-party and fact depositions pursuant to Fed. R. Civ. P. 30(a)(2)(A) if such need arises.

Finally, prior to the production of confidential, healthcare, financial, trade secret, private, strategic and/or confidential or proprietary information, the Parties will meet and confer as to a stipulated protective order and request that the Court enter such order. The Parties' stipulated protective order shall govern confidential and/or proprietary information exchanged in discovery.

**9.     Any issues about disclosure, discovery, or preservation of electronically stored information.**

RESPONSE: The Parties do not anticipate any unique issues regarding the disclosure of electronically stored information ("ESI") and will meet and confer and mutually agree as to the most cost-effective way to address any issues that arise, to the extent necessary.

The Parties agree that ESI may be produced in PDF or TIF format or via USB or other appropriate electronic storage. If produced in PDF format, the Parties agree to make their best efforts to produce PDFs that are word-searchable. The Parties agree that producing ESI in native format is not necessary unless the Parties agree otherwise with respect to a particular document or class of documents, or unless production in native format is necessary to allow the requesting party to read the document as it was intended to be read (*e.g.*, MS Excel spreadsheets) or if a party requests it. Where the document or information produced does not indicate information that may be important (such as the date, location and specific terminal on which the document was created

or modified the sender and all recipients on which it is stored), the Parties should, upon request related to particular documents, determine—if technologically feasible—that information from the electronic document and provide it to the requesting party. All documents produced shall be stamped with sequential Bates numbering.

Counsel for the Parties have instructed their clients to retain and preserve documents, information and things (including ESI) that may be relevant to the subject matter of this lawsuit. The Parties believe that they have taken reasonable steps to preserve all such information.

**10.     Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

RESPONSE:  The rules and procedures for asserting claims of privilege and/or work-product protection as set forth in the Federal Rules of Civil Procedure are acceptable to the Parties. The Parties agree to a standard claw back with respect to any claims of privilege or of protection as trial-preparation materials in the instance of inadvertent disclosure.

If a privilege or privileges are asserted as to any information requested in discovery, the party asserting privilege shall specify the legal basis for such assertion and identify sufficient facts giving rise to any alleged claim of privilege. The party asserting privilege shall identify any information, document or other material (collectively, "material") for which any privilege is asserted by means of production of a Privilege Log. For all material identified in the Privilege Log, the asserting party shall identify the date, author or generator, persons shown as having been or otherwise known as having been a recipient of the material, and any other information sufficient to establish the applicability of the privilege asserted. If the asserting party contends that he/she

has attempted to procure the waiver of the privilege, he/she shall identify fully the persons with whom he communicated and stated reason for refusal to waive privilege.

At this time, the Parties agree not to provide a Privilege Log identifying communications with outside litigation counsel, for which a privilege is asserted.

**11.     Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

RESPONSE:   Plaintiffs shall produce their expert report(s), if any, by or before Thursday, October 31, 2024, Defendant shall produce its expert report(s), if any, by or before Monday, December 2, 2024. Any rebuttal expert report(s) shall be produced by Monday, December 30, 2024. Depositions of any expert witness will take place after that expert's report has been served.

**12.     In class actions, appropriate procedures for dealing with Rule 23, Fed .R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

RESPONSE:   This litigation does not include class allegations.

**13.     Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

RESPONSE:   The Parties do not request that trial or discovery in this matter be bifurcated or managed in phases.

**14.     The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

RESPONSE: The Parties request the Court set a final pretrial conference for Friday, February 28, 2025, if neither Party files a Motion for Summary Judgment. If either Party files a Motion for Summary Judgment, the Parties request the Court schedule a pretrial conference on a date convenient to the Court following the Court's adjudication of any Summary Judgment Motion.

**15.     Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

RESPONSE:   The Parties request the Court set a trial date at the pretrial conference.

**16.     Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

RESPONSE: At this time, the Parties are not aware of any other matters or issues appropriate for inclusion in the Court's scheduling order. The Parties agree that a party's agreement to the deadlines and limitations stated in this Joint Report is without prejudice to its right to seek modification of the discovery plan and/or the pretrial schedule pursuant to the Federal Rules of Civil Procedure 16 and 26.


Respectfully submitted,

/s/ *Pamela M. Keith*
Pamela M. Keith [Bar No. 448421]
CENTER FOR EMPLOYMENT JUSTICE
650 Massachusetts Ave. NW
Suite 600
Washington, DC 20001
(202) 800-0292
pamkeith@centerforemploymentjustice.com
*Counsel for Plaintiffs*

/s/ Brian A. Scotti
Brian A. Scotti, Esq. (D.C. Bar No. 497125)
Jenna N. Van Middelem, Esq. (D.C. Bar No. 1742387)
GORDON REES SCULLY MANSUKHANI, LLP
277 S. Washington Street, Suite 550
Alexandria, Virginia 22314
(T): 202-399-1009
(F): 202-800-2999
bscotti@grsm.com
jvanmiddelem@grsm.com

*Counsel for Defendant America 250 Foundation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 22, 2024, a copy of the foregoing was served electronically via the Court's ECF system to all counsel of record.

/s/ Brian A. Scotti
Brian A. Scotti