UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RENEE BUCHARD, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>AMERICA 250 FOUNDATION, et al.,<br><br>　　　　　Defendants. | Civil Action No. 22-0497 (JMC) |

**SCHEDULING ORDER**

**I.    DISCOVERY AND CASE DEADLINES**

It is hereby **ORDERED** that the Parties shall adhere to the following deadlines:

| | |
|---|---|
| Initial Disclosures:[1] | June 14, 2024 |
| Amended Pleadings/Joinder of Additional Parties: | July 26, 2024 |
| Plaintiffs' Expert Disclosures: | October 31, 2024 |
| Defendants' Expert Disclosures: | December 2, 2024 |
| Close of Discovery: | December 12, 2024 |
| Rebuttal Expert Reports: | December 30, 2024 |

It is further **ORDERED** that the Parties shall appear via Zoom for a post-discovery status conference on January 7, 2025, at 10:30 AM.

---

[1] The Parties may extend or adjust the deadlines for their Rule 26(a)(1) and (a)(2) disclosures by agreement, without seeking leave of the Court, so long as the new deadlines do not affect the close of discovery.

1

II. **DISCOVERY REQUESTS AND DEPOSITIONS**

Discovery in this matter will be governed by the Federal Rules of Civil Procedure and the Local Rules of this Court. The Parties agree that discovery in this matter shall conclude on Friday, December 12, 2024.

The Parties will engage in discovery focused on the Parties' legal and factual claims, counterclaims (if later alleged), and factual and legal defenses. The Parties agree that each Party may serve up to twenty-five (25) interrogatories, up to twenty-five (25) document requests, and up to twenty (20) requests for admission on any opposite party.

Each Party will submit to a deposition not exceeding seven (7) hours in length at a time and date mutually agreed to by the Parties. If Defendant designates more than one (1) deponent to testify as to topics identified in a Fed. R. Civ. P. 30(b)(6) notice, then the cumulative amount of time for all such deponents will not exceed seven (7) hours. Each party of the litigation may also take up to five (5) additional non-party fact witness depositions not exceeding seven (7) hours in length per deposition set at times and dates mutually agreed to by the Parties and convenient to the witness. Further, each party shall be entitled to take the deposition of any expert witness designated by the opposite Party not exceeding seven (7) hours in length per deposition set at times and dates mutually agreed to by the Parties and convenient to the witness. The Parties expressly reserve the right to seek leave of the Court to take additional non-party and fact depositions pursuant to Fed. R. Civ. P. 30(a)(2)(A) if such need arises.

III. **PROTECTIVE ORDERS AND FILING UNDER SEAL**

The Parties may not rely solely on confidential designations under a protective order to file documents under seal. Accordingly, all protective orders submitted to the Court for entry must specify that a party is required to file a motion seeking leave of the Court to file confidential materials under seal. The Court will not allow documents to be filed under seal by notice. Before

moving to file under seal materials subject to a protective order, the moving party must confer with the opposing party and provide the results of that conferral process in the motion to seal, as well as include argument supporting the moving party's position that sealing is appropriate beyond the fact that the information was subject to a confidential designation in discovery. Depending on the nature of the document at issue, the Court may require the moving party to file a redacted version of the document on the public docket.

### IV.     PRODUCTION OF ELECTRONICALLY STORED INFORMATION

The Parties agree that ESI may be produced in PDF or TIF format or via USB or other appropriate electronic storage. If produced in PDF format, the Parties agree to make their best efforts to produce PDFs that are word-searchable. The Parties agree that producing ESI in native format is not necessary unless the Parties agree otherwise with respect to a particular document or class of documents, or unless production in native format is necessary to allow the requesting party to read the document as it was intended to be read (e.g., MS Excel spreadsheets) or if a party requests it. Where the document or information produced does not indicate information that may be important (such as the date, location and specific terminal on which the document was created or modified the sender and all recipients on which it is stored), the Parties should, upon request related to particular documents, determine—if technologically feasible—that information from the electronic document and provide it to the requesting party. All documents produced shall be stamped with sequential Bates numbering.

Counsel for the Parties have instructed their clients to retain and preserve documents, information and things (including ESI) that may be relevant to the subject matter of this lawsuit. The Parties believe that they have taken reasonable steps to preserve all such information.

## V.  PRIVILEGED MATERIALS

The rules and procedures for asserting claims of privilege and/or work product protection as set forth in the Federal Rules of Civil Procedure will govern. The Parties agree to a standard claw back with respect to any claims of privilege or of protection as trial-preparation materials in the instance of inadvertent disclosure. If a privilege or privileges are asserted as to any information requested in discovery, the party asserting privilege shall specify the legal basis for such assertion and identify sufficient facts giving rise to any alleged claim of privilege. The party asserting privilege shall identify any information, document or other material (collectively, "material") for which any privilege is asserted by means of production of a Privilege Log. For all material identified in the Privilege Log, the asserting party shall identify the date, author or generator, persons shown as having been or otherwise known as having been a recipient of the material, and any other information sufficient to establish the applicability of the privilege asserted. If the asserting party contends that he/she has attempted to procure the waiver of the privilege, he/she shall identify fully the persons with whom he communicated and stated reason for refusal to waive privilege. At this time, the Parties agree not to provide a Privilege Log identifying communications with outside litigation counsel, for which a privilege is asserted.

## VI.  DISCOVERY DISPUTES

If, after conferring in good faith, the Parties are unable to resolve a discovery dispute, the Parties should file a joint motion on the docket captioned "Joint Motion Requesting Teleconference." The joint motion should provide a short description of the issue in dispute and each party's respective position (no more than two paragraphs per party), as well as provide at least three dates and times that the Parties are jointly available for an on-the-record telephone conference. If the dispute arises from specific requests for discovery, the Parties should file the

relevant discovery requests as attachments to their joint motion. The Parties should not call or email Chambers regarding any discovery disputes.

## VII. COMMUNICATIONS WITH CHAMBERS

The Parties are to communicate with the Court by motion, opposition, reply, or notice, including for requests to reschedule hearing dates. The Parties should not call or email Chambers about pending case matters.

## VIII. MEDIATION

The Court encourages the Parties to mediate their case with a Magistrate Judge or through the Mediation Program of the Circuit Executive's Office. If, at any point, the Parties desire to engage in mediation, the Parties should file a joint request captioned "Joint Motion for Mediation," and the Court will make the requested referral.

**SO ORDERED**.

DATE: May 6, 2024

_____
Jia M. Cobb
U.S. District Court Judge