# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL M. DILELLA**, *et al.*, *Plaintiffs* | : : : : : : : : | CIVIL ACTION  NO. 23-4567 |
| v. | | |
| **RENEE BURCHARD**, *et al.*, *Defendants* | | |

# ORDER

**AND NOW**, this 7th day of June 2024, upon consideration of Defendants' *motion to transfer venue*, (ECF 10), Plaintiffs' response in opposition, (ECF 15), Defendants' reply, (ECF 16), and the allegations in the complaint, (ECF 1), it is hereby **ORDERED** that Defendants' motion to transfer venue is **GRANTED**. Accordingly, the Clerk of Court is directed to **TRANSFER** this matter to the United States District Court for the District of Columbia,[1] and to mark this matter **CLOSED**.

---

[1] Plaintiffs Daniel M. DiLella ("Plaintiff DiLella") and Frank Giordano ("Plaintiff Giordano") (collectively, "Plaintiffs") filed this action against Defendants Renee Burchard ("Defendant Burchard"), Kristi Garlock ("Defendant Garlock"), Anna Laymon ("Defendant Laymon"), Keri Potts ("Defendant Potts"), and John and Jane Does 1-5 (collectively, "Defendants"), asserting claims for abuse of process (Count I), malicious prosecution (Count II), and civil conspiracy (Count III).

According to the complaint, Defendants were employees of the America 250 Foundation (the "Foundation"), a private not-for-profit entity contracted by the United States Semiquincentenial Commission (the "Commission") to assist with the planning of the nation's 250th anniversary celebration. Plaintiff DiLella was appointed Chairperson and Plaintiff Giordano was hired as Executive Director of the Commission. Defendants Laymon and Potts left the Foundation in September 2021, and Defendants Burchard and Garlock left in December 2021. On February 25, 2022, Defendants filed a lawsuit in the United States District for the District of Columbia (the "D.D.C.") against the Foundation, the Commission, and the Commission's administrative secretariat, the American Battlefield Trust, asserting claims related to whistleblower retaliation and gender discrimination, (the "*DC Litigation*"). *See Burchard, et al. v. America 250 Found., et al.*, No. 22-cv-0497 (D.D.C.). The Commission and the American Battlefield Trust were dismissed from the *DC Litigation*. Plaintiffs, here, were named as defendants in the amended complaint in the *DC Litigation* but were voluntarily dismissed, without prejudice, prior to the effectuation of service. Notwithstanding, the amended complaint in the *DC Litigation* alleges that the Plaintiffs in this case mismanaged the Commission in relation to the remaining claims. The *DC Litigation* is currently in the discovery stage of litigation. In the matter before this Court, Plaintiffs assert that their claims "aris[e]

out of the Defendants filing of an abusive and frivolous lawsuit against Plaintiffs" — the *DC Litigation*. (Pls.' Resp., ECF 15, at p. 3).

Instantly, Defendants, pursuant to 28 U.S.C. § 1404(a), move to transfer venue to the D.D.C. Section 1404(a) provides that for "the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The purpose of transferring venue under § 1404(a) "is to prevent the waste of time, energy, and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). However, a threshold inquiry under § 1404(a) is whether both the original venue and the requested venue are proper. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). If venue is proper, the court must then undertake a balancing test to decide whether the convenience of the parties and witnesses and the interest of justice would be better served by a transfer to a different forum. *Id.* at 879; *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 197 (E.D. Pa. 2008). Although there is no definitive formula or list of factors to consider, when determining whether a transfer is warranted, courts in this Circuit weigh the following relevant private and public interests in its decision-making process:

> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses — but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879-80 (internal citations omitted).

As to the initial threshold inquiry required under § 1404(a) — whether venue is proper in both the transferor and transferee districts — Defendants argue that venue is improper in this district because, *inter alia*, the events giving rise to Plaintiffs' claims did not occur in Pennsylvania. Improper venue, however, is a waivable defense. Fed. R. Civ. P. 12(h). To preserve a challenge regarding improper venue, a defendant must raise the issue in a responsive pleading. Fed. R. Civ. P. 12(b)(3). Where a defendant does not "interpose timely and sufficient objection to the venue," the district court retains jurisdiction, even if the venue would otherwise be improper. 28 U.S.C. § 1406(b).

Here, Defendants have not moved to dismiss this matter for improper venue pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(3), and the time to do so has passed. Instead, Defendants filed the underlying motion to transfer venue pursuant to § 1404(a) for *forum non conveniens*. Therefore, this Court finds that Defendants have waived any improper venue argument. As such, venue in this District is proper. *See Farley v. Cernak*, 2016 WL 162238, at *2-3 (E.D. Pa. Jan. 13, 2016) (holding that the "[d]efendants'

Case 2:23-cv-04567-NIQA   Document 17   Filed 06/07/24   Page 3 of 4

waiver makes [an] improper venue into a proper venue"). Venue is proper in the transferee district because a "substantial part of the events . . . giving rise to the claim occurred" in the D.D.C. 28 U.S.C. § 1391(b)(2).

Having determined that both the original venue and the requested venue are proper, this Court must now undertake a balancing test to decide whether the convenience of the parties and witnesses and the interest of justice would be better served by a transfer to a different forum. *Jumara*, 55 F.3d at 878. To support the transfer of venue request, Defendants argue that the D.D.C. is the more convenient forum because all the facts underlying the case occurred in the District of Columbia, and, most importantly, the pending *DC Litigation* warrants transfer of the case. Plaintiffs disagree, arguing primarily that Plaintiffs' choice of forum (the Eastern District of Pennsylvania) should be given deference.

As to the *Jumara* private interest factors, although a plaintiff's choice of venue is generally given deference, the plaintiff's choice receives less weight when none of the operative facts occurred in the selected forum. *Coppola*, 250 F.R.D. at 197-98; *Rowles v. Hammermill Paper Co., Inc.*, 689 F. Supp. 494, 496 (E.D. Pa. 1988) (noting that "plaintiff's choice of forum merits less deference when none of the conduct complained of occurred in plaintiff's selected forum"). Here, the operative facts of the complaint occurred in the District of Columbia; the allegedly "abusive and frivolous" lawsuit from which this case arises (the *DC Litigation*) was filed in the D.D.C.; the Foundation's offices are in Washington, D.C., and Alexandria, Virginia; and the Commission's principal place of business is in Washington, D.C. The only fact alleged that occurred in Eastern District of Pennsylvania is the article published by the *Philadelphia Magazine* about the *DC Litigation* that quoted Defendants. As such, Plaintiff's choice of venue is afforded little weight.

In addition, Defendants argue that all of the Foundation's documents are housed at the Foundation's offices in Washington, D.C., or Alexandra, Virginia, and many of the Foundation's employees or former employees that may serve as witnesses are in the District of Columbia area. Although Defendants Burchard and Garlock are citizens of Virginia, Defendant Laymon is a citizen of Alabama, and Defendant Potts currently resides in London, England, they "already prepared to be present in D.C. for [the *DC Litigation*] and have close ties to that area." (Defs.' Mot., ECF 10-1, at p. 24). In contrast, Plaintiffs argue that the key witness, Andrew Hohns, is a resident of Philadelphia, Pennsylvania, and that key evidence can be easily accessed in this District. There is no indication by either party that relevant documents or key witnesses could not be made available in either district.

As to the *Jumara* public interest factors, transfer of venue to the D.D.C. will likely result in an easier, more expeditious, and less expensive trial. Primarily, the Honorable Jia M. Cobb, who sits in the D.D.C., is currently presiding over the *DC Litigation*. "[C]ourts have found that the presence of related cases in the transferee forum is a reason to grant a transfer." *Weber v. Basic Comfort Inc.*, 155 F. Supp. 2d 283, 286 (E.D. Pa. 2001). "This consideration is powerful enough to tilt the balance in favor of transfer even when the convenience of parties and witnesses would suggest the opposite." *Id.* (citing *Blanning v. Tisch*, 378 F.Supp. 1058, 1061 (E.D. Pa. 1974)). Defendants argue that since Plaintiffs' claims in this case are based on the contention that Defendants' filing of the *DC Litigation* was malicious and an abuse of process, the adjudication and understanding of the validity of the claims in the *DC Litigation* will be dispositive of the claims in the case here. Further, the local interest is limited. Plaintiffs argue that the *DC Litigation* should not be a reason for transfer because there is also a related case in this forum — *Giordano v. Hohns*, No. 23-cv-1614 (E.D. Pa.). However, this Court dismissed the *Giordano* case pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction, though an appeal is pending. *See Giordano v. Hohns*, 2024 WL 422087 (E.D. Pa. Feb. 2, 2024). Nevertheless, unlike the *DC Litigation*, any future decisions in *Giordano*, district or appellate, have little to no bearing on the outcome of this case.

BY THE COURT:
/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

Having considered the relevant *Jumara* factors, this Court finds that they weigh in favor of transfer of this matter to the D.D.C. pursuant to 28 U.S.C. § 1404(a). As such, Defendants' motion is granted, and this matter is transferred to the United States District Court for the District of Columbia.